[Civ. No. 5112.   Second Appellate District, Division Two.—April 16, 1928.]

GEORGE W. CROTTS, Appellant, v. MABEL G. BROWN et al., Respondents.

Frank G. Tyrrell and C. W. Stahl for Appellant.

Euler & Subith for Respondents.

STEPHENS, J., *pro tem.*—This case was tried by the court sitting without a jury and judgment went in favor of plaintiff for the sum of $76, the prayer of the complaint being for the sum of $865. Plaintiff made a motion for new trial, which was denied, and thereafter appealed.

Evidence was introduced by plaintiff at the trial without objection to the effect that plaintiff's assignor and defendants entered into an oral agreement whereby the former was to prepare plans and superintend the construction of a building for ten per cent of the cost thereof. A difference arose between the parties. Appellant contends that this difference was absolved by an agreement that the ten per cent arrangement should remain unchanged, but that in addition appellant's assignor was to act as foreman working on the job, for which he was to receive one dollar per hour. Respondents contend that the one dollar per hour as foreman was to be the sole compensation moving to appellant's assignor. The latter acted as foreman throughout the construction, and actually received the full compensation of one dollar per hour, excepting a balance of some $15.

The first paragraph of the court's findings is to the effect that the original contract was that respondents promised to pay plaintiff's assignor for preparing and furnishing plans and specifications and for superintending the construction of the building, ten per cent of the total cost thereof; the fourth paragraph is a finding that the claim was duly assigned to plaintiff. In the third paragraph the court finds:

"That the total cost of said buildings was the sum of Eighty-three Hundred Dollars ($8300.00). It is not true that at the end of the first week or at any other time or at all, plaintiff's assignor, Robert A. Brown, agreed with the defendants that instead of working on a basis of ten per cent (10%) of the cost of said buildings, he would work on the basis of One Dollar ($1.00) per hour or Eight Dollars ($8.00) per day, as compensation, in lieu of the commission of ten per cent (10%) of the cost of said buildings, nor has he been paid in full for all services rendered to defendants, nor do the defendants hold vouchers showing such full payment to plaintiff's assignor, Robert A. Brown, and it is not true that defendants are not indebted to plaintiff's assignor, nor to the plaintiff for any sum whatsoever."

And in the fifth paragraph the court finds that the sum of $754 has been paid on the claim, leaving a balance due of $76.

The court in substance found that the services for drawing plans and supervising construction were contracted for at ten per cent of the cost, which would amount to $830. It then credited the money paid to plaintiff's assignor for foreman's work at one dollar per hour (and there is no conflict in the testimony on this point), amounting to $754, on the contract sum of $830, and awarded judgment for the difference, $76.

In short, the case is tried on the basis of the plaintiff's assignor attempting to prove that he had drawn plans and specifications for and had superintended the construction of the house for ten per cent of the cost, and the defendants attempting to prove that the compensation of one dollar per hour covered not only this but his labor as foreman as well. The court decided that plaintiff's assignor was right in his contention and that the defendants were wrong in theirs, but awarded judgment exactly as though it had found the defendants right and plaintiff's assignor wrong. If the latter performed services on a basis of ten per cent of the cost, the court had no basis whatever for discharging the obligation to pay the ten per cent by crediting thereon the money paid him for other services which all agree were performed. In principle it is exactly the same as where a holder of two promissory notes from the payor discharged one of them upon receipt of payment but was also arbitrarily made to discharge the other note for the same payment.

Although respondents do not appeal, they urge a reversal of the judgment on the ground that there is no evidence to sustain the findings that the claim was legally assigned. Whether or not we should consider this point with the question in mind of its possible effect upon the right of plaintiff's assignor to further maintain the action, we need not decide. The whole contention is that the evidence does not show that the assignment was in writing and signed by the wife of plaintiff's assignor, under the requirements of section 955 of the Civil Code. But the findings are that the claim rests in a contract for the performance of a certain specified service, and is not for wages or salary earned.

█ In its judgment the trial court ordered each party to pay their own costs. This obviously was error.
Judgment reversed.

Works, P. J., and Craig, J., concurred.