[Civ. No. 6904.   Fourth Dist.   Feb. 11, 1963.]

CECIL R. COTTON, Cross-complainant and Appellant, v. IMPERIAL VALLEY UNION HIGH SCHOOL DISTRICT et al., Cross-defendants and Respondents.

Wallace & Wallace and W. W. Wallace for Cross-complainant and Appellant.

No appearance for Cross-defendants and Respondents.

MONROE, J. pro tem.*—In the above-entitled action the cross-complainant, Cecil R. Cotton, doing business as Cotton Construction Company, sought to recover the balance claimed to be due to him under a contract involving the construction of a school building.   At this time there are pending four different actions now on appeal in this court, as follows:

*Assigned by Chairman of Judicial Council.

No. 6905, in which Cotton Construction Company was plaintiff and Imperial Valley Union High School District et al., were defendants.

No. 6906, in which Cecil R. Cotton, d.b.a. Cotton Construction Company was plaintiff and Imperial Valley Union High School District et al., were defendants.

No. 6907, in which Cecil R. Cotton, d.b.a. Cotton Construction Company was plaintiff and Imperial Valley Union High School District et al., were defendants; and the action herein.

In each of these actions Mr. Cotton sought recovery for balance due him as contractor in connection with a construction of school buildings.

On May 26, 1959, an order was made in the superior court by which these four actions were consolidated for trial. It was further ordered that Victor A. Gillespie, an attorney at law, was appointed referee to hear the evidence and to file his report and findings of fact with the court. It was then provided, ". . . that the fees of said Referee shall be paid one-half by each party, at the rate of $100.00 per day, payable semi-monthly, and that the same shall be taxable as costs by the prevailing party in said action."

Hearings were held accordingly. The referee rendered his report, in which he made findings that Mr. Cotton, doing business as Cotton Construction Company, was entitled to recover a substantial sum of money as balance due him upon the contract sued upon. Judgments were prepared for the signature of the court, in which provision was made for the recovery of costs in this case by the cross-complainant and in each of the other cases by Mr. Cotton as plaintiff. However, when the judgments were signed by the court on July 5, 1961, the court struck out the provision for recovery of costs and substituted the language, "each party to pay his own costs of suit incurred herein."

Motions were made to correct or modify the judgments which were denied by the court without opinion. Motions for new trial were likewise denied. Thereupon, Mr. Cotton appealed from that portion of each judgment which denied "his right to costs in said action." The sole question involved in each case is whether the trial court erred in refusing a recovery of costs.

It is to be noted that in each case the appellant seeks a recovery of money as a balance alleged to be due to him upon a completed construction contract. ▮▮▮ By the express pro-

visions of section 1032, Code of Civil Procedure in each judgment the prevailing party is entitled to his costs as a matter of course. The rule is stated in 13 Cal.Jur.2d, page 228, section 7:

"In an action in the superior court for the recovery of money or damages, the party in whose favor judgment is entered is entitled to recover his costs as a matter of right. The rule applies regardless of whether his recovery is for the whole or a portion of his claim, or whether his claim is made up of one or several causes of action. Thus, the fact that the plaintiff's claim is reduced by an amount found owing from him to the defendant does not preclude his recovery of his costs as a matter of right and a judgment that each party absorb his own costs is erroneous." (See *Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266 [83 P.2d 503]; *Crotts* v. *Brown*, 91 Cal.App. 75 [266 P. 811].)

The only exception, under section 1032, Code of Civil Procedure, is where a judgment is rendered in an amount within the jurisdiction of an inferior court of that county. That exception has no applicability in this instance, for in this case the judgment for the appellant was $1,036.84, together with an additional sum of $460 for extra work, which sums bore interest at the statutory rate from April 15, 1957.

There is nothing in the record of either of these cases to explain why the trial court refused costs. No briefs have been filed on behalf of respondents. The judgments are therefore erroneous insofar as the matter of costs is concerned. There is one other reason which should be noted. The order of May 26, 1959, provided explicitly for the advancement of referee's costs by the parties and that such advancements should be recovered as costs by the prevailing party. This portion of the order was never vacated or modified. None of the parties attempted to do so. The parties proceeded in reliance upon the order and the referee rendered his services also relying upon it. To refuse to render judgment for such costs in the face of such existing order was erroneous.

It must therefore be ordered that the portion of the judgment in each case with reference to costs be reversed and the cause remanded with directions to the trial court to amend judgment by providing that the appellant recover costs, the judgment otherwise to remain as it is.

The portion of the judgment from which this appeal is perfected is reversed and the cause remanded with instructions to enter judgment for appellant for his costs.

Appellant to recover costs on appeal.

Griffin, P. J., and Coughlin, J., concurred.