28 Cal.Rptr. 440]

[Civ. No. 6905. Fourth Dist. Feb. 11, 1963.]

CECIL R. COTTON, Plaintiff and Appellant, v. IMPERIAL VALLEY UNION HIGH SCHOOL DISTRICT et al., Defendants and Respondents.

Wallace & Wallace and W. W. Wallace for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

MONROE, J. pro tem.*—In this action the plaintiff and appellant sought recovery of a balance alleged to be due upon a construction contract. On May 26, 1959, the superior court made an order by which this action was consolidated with cause No. 6904 [*ante*, p. 879 (28 Cal.Rptr. 438)] in this court and with two other actions likewise pending herein. This order provided for the appointment of a referee and further provided that each party advance one-half the costs and the amount so advanced should be recovered as costs by the prevailing party. In each of the four cases the appellant recovered a substantial amount. In this action the recovery was $2,550, with interest at the statutory rate from February 22, 1957. The original amount found due was the sum of $7,962.89, but this amount was reduced by reason of subsequent payments.

However, the court refused to award judgment for costs and

_____

*Assigned by Chairman of Judicial Council.

provided in the judgment that each person should pay his own costs of suit. By the provisions of section 1032, Code of Civil Procedure, plaintiff and appellant was entitled to costs as a matter of right. The facts and the law involved in the four cases are more fully set forth in the opinion in *Cotton* v. *Imperial Valley etc. School Dist.*, cause No. 6904, *supra*, this day filed, and it would serve no useful purpose to reiterate them here.

It is ordered that that portion of the judgment referring to costs is reversed and the cause is remanded to the trial court with instructions to amend the judgment by providing that plaintiff recover costs.

The portion of the judgment from which this appeal is perfected is reversed and modified with instructions.

Appellant to recover costs on appeal.

Griffin, P. J., and Coughlin, J., concurred.