[No. B236139. Second Dist., Div. Seven. Sept. 18, 2012.]

ZINTEL HOLDINGS, LLC, Plaintiff, Cross-defendant and Respondent, v.
LILO McLEAN, Defendant, Cross-complainant and Appellant;
MARK HUTH, Defendant and Appellant.

## COUNSEL

Tuchman & Associates, Aviv L. Tuchman and Andrew C. Jhun for Defendant, Cross-complainant and Appellant and for Defendant and Appellant.

Law Offices of Jon H. Freis and Jon H. Freis for Plaintiff, Cross-defendant and Respondent.

## OPINION

**PERLUSS, P. J.**—Zintel Holdings, LLC (Zintel), sued Lilo McLean and her son, Mark Huth, to invalidate or equitably reform their allegedly fraudulent

residential apartment lease. McLean cross-complained for breach of the implied covenant of quiet enjoyment and several related torts. After the court denied relief on both the complaint and cross-complaint on motions for summary judgment, it entered judgment and awarded costs of approximately $2,500 to McLean and Huth pursuant to Code of Civil Procedure section 1032 (section 1032), but concluded there was no prevailing party under Civil Code section 1717 (section 1717) and declined to award them attorney fees. McLean and Huth appeal from the judgment only with respect to the denial of attorney fees. We affirm as to McLean, but reverse as to Huth and remand for a determination of the reasonable attorney fees to which he is entitled.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *McLean and Huth's Lease Agreement with Zintel*

McLean and Huth have lived in units G and H of an eight-unit apartment building at 325 North Palm Drive in Beverly Hills for more than 50 years. There is a doorway through a closet that connects the two units.

McLean and Huth have never paid more than a total of $200 per month for both units under local rent control ordinances. Robert Jonker-Fisher, who lived in New York, became the sole owner of the property in 1997. McLean served as building manager and signed leases on behalf of Fisher, who never traveled to Beverly Hills to visit the property.

The lease at issue in the litigation provided for the rental of units G and H for $200 per month from May 2007 to May 2012. McLean maintained she told Fisher about the lease and he responded, "Okay." McLean then signed as both landlord and tenant; Huth also signed as tenant. The lease agreement includes an attorney fee provision stating in part, "In the event action is brought by any party to enforce any term of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees." Fisher terminated McLean as building manager in July 2007, but she remained a tenant, and her rent was accepted without incident.

Fisher died in August 2008. In 2010, following extended probate proceedings, Fisher's widow took ownership of the property as the sole member of Zintel. Before that occurred, however, Zintel had instructed the new building manager to accept McLean's monthly rental payments. McLean's rent checks were consistently cashed through 2010.

From January 2009 to July 2010 Zintel served McLean with 16 inspection notices for her apartment. Additionally, the building manager and the property's management company sent McLean letters requesting she switch parking

spots. McLean retained her original parking spot, and the matter was not pursued. On July 10, 2010 Zintel served McLean and Huth with a "60-day notice to quit" and a "60-day notice to cure covenants or quit" demanding the door connecting the two units be removed. Those notices were later withdrawn.

### 2. Zintel's Complaint and McLean's Cross-complaint

On July 23, 2010 Zintel sued McLean and Huth seeking declaratory relief and equitable reformation of the lease agreement. The complaint alleged the fair market monthly rental value of the units was approximately $2,500. As the basis for relief, Zintel alleged the lease violated the statute of frauds, was executed without Fisher's authorization and had been fraudulently backdated so it would appear to have been signed while McLean was still managing the property. Zintel also alleged McLean had no authority to combine units G and H. The complaint requested a declaration of the parties' respective rights under the lease and reformation of the lease, if not found to be void, to reflect a fair and equitable rental rate.

McLean cross-complained two months later, alleging causes of action for breach of the covenant of quiet enjoyment, elder abuse and intentional and negligent infliction of emotional distress. The cross-complaint alleged the inspections and 60-day notices constituted harassment and represented Zintel's attempts to force McLean to move out. McLean sought monetary damages on all causes of action.

### 3. The Trial Court's Orders Granting Summary Judgment in Favor of McLean and Huth on the Complaint and Zintel on the Cross-complaint

On February 17, 2011 McLean and Huth moved for summary judgment on Zintel's complaint. Citing Zintel's admission it had accepted $200 per month for the two units pursuant to the lease agreement for three years, McLean and Huth argued Zintel was estopped from asserting the lease agreement was void.

The following week Zintel moved for summary judgment on McLean's cross-complaint. Zintel argued the notices it had sent were either minor inconveniences or had been withdrawn before any action was necessary and, therefore, not a basis for liability under any of the theories alleged. Zintel further contended any communications to McLean requesting she change parking spaces did not rise to a level of actionable harassment; in addition, the matter was subsequently abandoned.

After the filing of opposition and reply memoranda, the parties stipulated to adopt the court's tentative ruling in its entirety granting both McLean and

Huth's motion for summary judgment on the complaint and Zintel's motion for summary judgment as to McLean's cross-complaint. Accordingly, no hearing was held on the motions.

With respect to McLean and Huth's motion, the court ruled, even if the lease violated the statute of frauds, the doctrines of equitable estoppel and part performance precluded a finding it was void because Zintel had known of the lease and accepted rent for both units from 2007 to 2010. The court also concluded invalidating the lease would lead to an unconscionable result for McLean and Huth while only marginally benefitting Zintel since there was only one year remaining on the lease term.

With respect to the cross-complaint, the court ruled there was no evidence of constructive or actual eviction to support a cause of action for breach of the implied covenant of quiet enjoyment. The court further concluded there was no evidence McLean had been denied a property right qualifying as elder abuse or subjected to outrageous behavior constituting intentional infliction of emotional distress because Zintel's actions were within its statutory and contractual rights as a landlord. The court also found no evidence of a breach of duty to support a claim for negligent infliction of emotional distress.

### 4. The Trial Court's Orders and Judgment Awarding McLean and Huth Costs as Prevailing Parties but Denying Their Motion for Attorney Fees

After filing the stipulation to adopt the court's tentative rulings on the summary judgment motions, counsel for McLean and Huth submitted a proposed judgment that included provisions for an award to them of costs and recovery of their reasonable attorney fees. Zintel objected to these two portions of the proposed judgment, noting it was the prevailing party on the cross-complaint. Accordingly, Zintel argued McLean and Huth were entitled only to an award of costs under section 1032 with respect to the complaint; Zintel was entitled to costs relating to the cross-complaint. Zintel provided authority for the court's discretion to apportion costs between the parties. As to attorney fees, Zintel argued McLean and Huth were required to file a formal motion before any recovery of fees was permissible.

The court prepared and filed its own form of judgment in favor of McLean and Huth and against Zintel on the complaint and in favor of Zintel and against McLean on the cross-complaint. In its judgment, filed May 23, 2011, the court provided McLean and Huth were to recover costs in an amount to be determined following the filing of a memorandum of costs pursuant to California Rules of Court, rule 3.1700. The court explained, "When relief is denied on both plaintiff's complaint and defendant's cross-complaint, defendant is deemed the prevailing party pursuant to CCP section 1032(a)(4)." With

respect to the request for attorney fees, the court found "there was no prevailing party under Civil Code section 1717 because neither party obtained relief. [Citation.] No party is to recover attorneys' fees."

McLean and Huth moved to vacate the May 23, 2011 judgment, contending it was entitled to have the issue of attorney fees under section 1717 resolved following a noticed motion and hearing. Shortly thereafter McLean and Huth moved for an award of attorney fees, arguing McLean was a prevailing party even though her cross-complaint had been unsuccessful because she achieved her main litigation objective—remaining in the apartment pursuant to the challenged lease—and Huth, who was not a party to the cross-complaint, had been fully successful in the lawsuit as it related to him. They asserted a total of $79,585 in fees had been incurred on behalf of both McLean and Huth (that is, in defending against the complaint and prosecuting the cross-complaint) with either $64,789.80 (based on the proportion of fees) or $70,965 (based on itemization of billing entries) incurred in the defense against Zintel's complaint.

In its opposition to the attorney fee motion Zintel argued the trial court had discretion to find McLean was not a prevailing party because she did not achieve a complete victory and the outcome was a draw. Zintel also argued Huth's rights under the lease were derivative of his mother's and, given their close relationship, the court properly found he was not a prevailing party. Additionally, Zintel contended if Huth was a prevailing party, the amount of fees requested—the full amount attributable to defending against the complaint—was arbitrary and unreasonable.

The trial court granted the motion to vacate entry of judgment to the extent the judgment had determined the parties' rights to attorney fees pursuant to section 1717 and denied the motion for attorney fees. As to McLean, the court found she was not a prevailing party because she did not attain her primary litigation objectives as no decision had been made regarding the substantive validity of her lease. In addition, her unsuccessful cross-complaint sought substantially more than vindication of her tenancy under the lease and, therefore, was not simply defensive. The court also decided, given the "identical defenses asserted and identical counsel[,] . . . the unity of interest between Mr. Huth and Ms. McLean" prevented a finding that Huth was a prevailing party. The court further stated, even if Huth were determined to be the prevailing party, "a ruling that he is entitled to recover all fees defending against the complaint would be to elevate form over substance. . . . Defense counsel has failed to specifically apportion those fees spent solely defending Mr. Huth against plaintiff's claims, versus Ms. McLean."

The final form of judgment entered by the court on July 20, 2011 awarded McLean and Huth costs pursuant to section 1032, subdivision (a)(4), in the

amount of $2,471.65 and no attorney fees. McLean and Huth filed a timely notice of appeal challenging the denial of attorney fees.

## DISCUSSION

### 1. *The Trial Court Did Not Abuse Its Discretion in Determining McLean Was Not a Prevailing Party*

■ Section 1032, subdivision (a)(4), expressly defines "prevailing party" for purposes of a statutory award of costs to include "a defendant where neither plaintiff nor defendant obtains any relief." In *Building Maintenance Service Co. v. AIL Systems, Inc.* (1997) 55 Cal.App.4th 1014, 1025 [64 Cal.Rptr.2d 353], we held this definition of prevailing party includes a litigant in McLean's situation: "[A] defendant who defeats the plaintiff's claim on a complaint, but who recovers nothing on his [or her] cross-complaint against the plaintiff, is nevertheless a prevailing party entitled to . . . costs." (Accord, *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1454–1455 [282 Cal.Rptr. 828] [when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs; a defendant in this context does not include the plaintiff as a cross-defendant]; see *Schrader v. Neville* (1949) 34 Cal.2d 112, 115 [207 P.2d 1057].) Zintel has not challenged on appeal McLean's entitlement to costs other than attorney fees under section 1032, subdivision (a)(4).

■ Although McLean was properly found to be the prevailing party under section 1032, "[c]ourts have consistently held the prevailing party for the award of costs under section 1032 is not necessarily the prevailing party for the award of attorney's fees in contract actions under section 1717." (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1142 [70 Cal.Rptr.2d 769]; see *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335, fn. 3 [104 Cal.Rptr.3d 219, 223 P.3d 77] [noting differences in definition of "prevailing party" in the two statutes]; *PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66, 70, fn. 2 [118 Cal.Rptr.3d 730] ["prevailing party" inquiries under § 1717 and § 1032 "are distinct"].) Thus, as the trial court recognized, its finding McLean was the prevailing party under section 1032, although a necessary prerequisite for an award of attorney fees as costs (see Code Civ. Proc., § 1033.5, subd. (a)(10) [attorney fees allowable as costs when authorized by contract, statute or law]), was not determinative of whether she was also the prevailing party entitled to recover "reasonable attorney's fees in addition to other costs" under the lease agreement and section 1717.[1]

---

[1] As discussed, appellate decisions have repeatedly recognized in a contract action the prevailing party for the award of costs under section 1032 is not necessarily also the prevailing

Section 1717, subdivision (b)(1), provides, "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract . . . ." The trial court has broad discretion in making this determination. (See *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 58 [37 Cal.Rptr.3d 221] [trial court has wide discretion in determining which party has prevailed on a contract; "[w]e will not disturb such a determination on appeal absent a clear abuse of discretion"]; *Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal.App.4th 1533, 1541 [93 Cal.Rptr.3d 864] ["[a]lthough a trial court has broad discretion to determine the prevailing party in a mixed result case, its discretion is not unlimited"].) However, when the judgment is a " 'simple, unqualified win' " for one party on the only contract claims presented, the trial court has no discretion to deny an attorney fee award to that party under section 1717. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804] (*Hsu*).)

■ Both Zintel's complaint and McLean's cross-complaint for breach of the covenant of quiet enjoyment involved claims expressly based on the lease agreement. There was no absolute or complete winner between those two litigants. Accordingly, the court was obligated to determine whether there was a prevailing party under section 1717: "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Hsu, supra,* 9 Cal.4th at p. 876.) Where neither party achieves a complete victory, the trial court has discretion to determine "which party prevailed on the contract or whether, on balance, neither party

party under section 1717 and entitled to recover attorney fees under that provision. (See, e.g., *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608–609, 621 [71 Cal.Rptr.2d 830, 951 P.2d 399] [while § 1032 defines a prevailing party as including "a defendant in whose favor a dismissal is entered," § 1717, subd. (b)(2), provides there is no prevailing party in that circumstance; nonetheless, fees for defending tort and other noncontract claims arising from contracts containing broadly worded attorney fee provisions may be permissible]; *Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 449–450 [118 Cal.Rptr.2d 475].) On the other hand, generally no award of attorney fees as "an element of the costs of suit" under Code of Civil Procedure section 1033.5, subdivision (a)(10), and section 1717 can be made to a litigant who has not also been determined to be the prevailing party under section 1032. (See *Goodman v. Lozano, supra,* 47 Cal.4th at pp. 1335, fn. 3, 1338–1339 [affirming Court of Appeal's reversal of trial court award of costs including attorney fees because plaintiff had not obtained a " 'net monetary recovery' " within the meaning of § 1032 and rejecting contention § 1717's differing definition of " 'prevailing party as the one who recovers "a greater relief in the action on the contract" ' " was germane to determination of issue].)

prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 [86 Cal.Rptr.2d 614, 979 P.2d 974].)

█ McLean contends the trial court abused its discretion in finding no prevailing party because, while she may have recovered nothing on her cross-complaint, she successfully defeated the two contract claims in Zintel's complaint and therefore attained greater relief. She also insists her cross-complaint was essentially defensive, a tactical aspect of her response to Zintel's contract claims, which she defeated at summary judgment. (See *Hsu, supra,* 9 Cal.4th at p. 875, fn. 10 ["When there are cross-actions on a contract containing an attorney fees provision, and no relief is awarded in either action, a trial court is not obligated to find that there is no prevailing party on the contract for purposes of section 1717. If the court concludes that the defendant's cross-action against the plaintiff was essentially defensive in nature, it may properly find the defendant to be the party prevailing on the contract."].) McLean's cross-complaint sought monetary damages unrelated to the complaint, expanded discovery and led to substantial briefing. Given the nature of the cross-complaint and the affirmative relief it sought and the mixed results obtained by McLean in the litigation, the trial court did not abuse its discretion in determining McLean was not a prevailing party. (See *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn., supra,* 231 Cal.App.3d at p. 1456 [no abuse of discretion where trial court "apparently concluded that fairness dictated each side should pay its own attorneys' fees"].)

2. *The Trial Court Erred in Determining Huth Was Not a Prevailing Party Entitled to an Award of Contractual Attorney Fees*

█ "[W]hen a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." (*Hsu, supra,* 9 Cal.4th at p. 876.) Huth contends his complete defeat of Zintel's complaint entitled him to a prevailing party designation and the trial court had no discretion to determine he was not the prevailing party and deny his request for attorney fees based on "the unity of interest" between him and his mother.[2] We agree. (See *Goodman v. Lozano, supra,* 47 Cal.4th at p. 1333 ["[u]nless otherwise provided by statute, a 'prevailing party' is entitled to recover costs in any action or proceeding 'as a matter of right,' " including attorney fees when authorized by contract, statute or law].)

---

[2] Because Huth's argument on appeal involves the interpretation of a statute, a question of law, we review the issue de novo. (*Goodman v. Lozano, supra,* 47 Cal.4th at p. 1332; *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724 [122 Cal.Rptr.3d 331, 248 P.3d 1185].)

The unity of interest principle, which vests the trial court with discretion to deny or apportion costs otherwise recoverable by a prevailing party defendant, is rooted in the language of Code of Civil Procedure former section 1032, subdivision (b), as it read before the statutes governing recovery of costs were substantially revised in 1986 (see Stats. 1957, ch. 1172, § 1, pp. 2464–2465): Former subdivision (b) authorized the award of costs to the defendant "upon a judgment in his favor" in a variety of specified proceedings and expressly provided, "When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor." (Code Civ. Proc., former § 1032.) The corollary of this affirmative statement that costs must be awarded to successful defendants who were not united in interest was that courts had discretion to deny costs when they were: "In those instances in which several defendants are united in interest and/or join in making defenses in the same answer, the allowance or disallowance of an award to prevailing defendants lies within the sound discretion of the trial court." (*Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 272 [150 Cal.Rptr. 828].)

The 1986 legislation repealed Code of Civil Procedure former section 1032 in its entirety and replaced it with a new version of the statute. (*Goodman v. Lozano, supra,* 47 Cal.4th at p. 1335.)[3] "Under the new statute, '[t]he fundamental principle of awarding costs to the *prevailing party* remains the same, but whether those costs are awarded as a matter of right or as a matter of the court's discretion now often depends on how the prevailing party is determined. If a party fits one of the definitions of 'prevailing' listed in C.C.P. 1032(a)(4) . . . that party is entitled as a matter of right to recover costs. [Citations.] In other situations, the prevailing party is determined by the court and the award of costs is discretionary.' " (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1375–1376 [29 Cal.Rptr.3d 306]; accord, *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1197 [57 Cal.Rptr.2d 227] ["[a]s rewritten, section 1032 now declares that costs are available as 'a matter of right' when the prevailing party is within one of the four categories designated by statute"]; *Building Maintenance Service Co. v. AIL Systems, Inc., supra,* 55 Cal.App.4th at p. 1025; see *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 975–977 [52 Cal.Rptr.3d 400], disapproved on another ground in *Goodman,* at p. 1338.)

---

[3] The *Goodman* court explained, "The purpose of the 1986 legislation, which was sponsored by the California Judges Association (CJA), was to streamline the rules and procedures on the award of litigation costs, which were deemed 'hard to find and hard to follow.' " (*Goodman v. Lozano, supra,* 47 Cal.4th at p. 1335.)

Notwithstanding the 1986 legislation eliminating the statutory language conferring discretion to deny costs to a prevailing party defendant who was united in interest with a nonprevailing defendant, a number of appellate courts have continued to apply the unity of interest principle and affirmed the trial court's authority to award or deny costs to one of multiple, jointly represented defendants presenting a unified defense when the other defendants were not also successful. (See, e.g., *Benson v. Kwikset Corp.* (2007) 152 Cal.App.4th 1254, 1278 [62 Cal.Rptr.3d 284] ["[c]ases recognize the application of this provision [(§ 1032, subd. (a)(4))] is discretionary where a prevailing defendant was 'united in interest and shared the same counsel' as another defendant found to be liable"]; see also *Textron Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061, 1075 [13 Cal.Rptr.3d 586]; *Slavin v. Fink* (1994) 25 Cal.App.4th 722, 725–726 [30 Cal.Rptr.2d 750]; *Webber v. Inland Empire Investments, Inc.* (1999) 74 Cal.App.4th 884, 920 [88 Cal.Rptr.2d 594]; see generally 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 94, pp. 633–634.) None of these decisions fully addresses the change in the underlying statutory language; the court in *Wakefield v. Bohlin, supra,* 145 Cal.App.4th at page 985, for example, simply observed, "Although the statutory language has changed, the underlying precept enunciated in *Smith [v. Circle P Ranch Co., supra,* 87 Cal.App.3d 267] continues to apply."

If the unity of interest principle survived the 1986 revision of the cost recovery statutes and was properly applied in this case, the trial court would have discretion to deny entirely or to apportion all allowable items of costs otherwise recoverable by Huth, including attorney fees pursuant to section 1717 and Code of Civil Procedure section 1033.5, subdivision (a)(10). (See Code Civ. Proc., § 1033.5, subd. (c)(5), 2d par. [attorney fees awarded pursuant to § 1717 "are allowable costs under Section 1032 of this code"]; cf. *Goodman v. Lozano, supra,* 47 Cal.4th at p. 1335 & fn. 3.) Whether the Legislature intended the continued use of that doctrine seems doubtful, however, since it created four categories of litigants that automatically qualify as prevailing parties (§ 1032, subd. (a)(4)), provided an award of costs must be made to those litigants "[e]xcept as otherwise expressly provided by statute" (§ 1032, subd. (b)), and eliminated the language in the prior version of section 1032 upon which the unity of interest principle was based. Nonetheless, we need not decide that question in this case. As discussed, the trial court properly found *both* McLean and Huth were prevailing parties—a finding not challenged on appeal. Accordingly, the unity of interest principle permitting discretionary denial of costs to a prevailing party defendant who jointly litigated the case with a nonprevailing defendant, if it has any continuing viability at all, cannot be applied in this case.

Because the award of costs to Huth under section 1032 was mandatory, the trial court had no discretion to deny his request for attorney fees under the

terms of the parties' lease agreement. Unlike McLean, Huth was necessarily the prevailing party under section 1717, subdivision (b)(1): "[W]hen the results of the litigation on the contract claims are *not* mixed—that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other . . . a trial court has no discretion to deny attorney fees to the successful litigant." (*Hsu, supra*, 9 Cal.4th at pp. 875–876.) Huth successfully defeated Zintel's two contract claims at summary judgment and was not a party to McLean's cross-complaint. Nothing in the language of section 1717 or the case law interpreting it permits the trial court to deny Huth any attorney fees in this situation. (See *Hsu*, at p. 872 ["[t]he words 'shall be entitled' reflect a legislative intent that a party prevailing on a contract receive attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney fees) whenever the statutory conditions have been satisfied"].)

■ That Huth was entitled to recover some portion of his attorney fees, however, does not mean the trial court's concern regarding the complete overlap of his defense with that of McLean, who was not so entitled, is irrelevant to its ultimate award. Huth may recover only reasonable attorney fees incurred in his defense of the action by Zintel. To the extent his shared counsel engaged in litigation activity on behalf of McLean for which fees are not recoverable, the court has broad discretion to apportion fees. (See *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83] ["[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action"]; *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1604 [71 Cal.Rptr.3d 361] ["[w]here fees are authorized for some causes of action in a complaint but not for others, allocation is a matter within the trial court's discretion"].) "A court may apportion fees even where the issues are connected, related or intertwined." (*El Escorial Owners' Assn. v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, 1365 [65 Cal.Rptr.3d 524]; accord, *Shadoan v. World Savings & Loan Assn.* (1990) 219 Cal.App.3d 97, 108 [268 Cal.Rptr. 207]; but see *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111 [51 Cal.Rptr.2d 286] [trial court need not apportion fees between contract and noncontract claims when claims are " ' "inextricably intertwined" ' " so it is " 'impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units' "].)

Huth and McLean's counsel submitted their billing records to the trial court and, recognizing the claim for an award of fees to Huth was stronger than the argument all fees incurred on behalf of both clients were properly awarded, presented two approaches to apportioning the fees (either $64,789.80 or $70,965 of the total of $79,585). Counsel for Zintel suggested

an alternate approach that would result in an award of approximately $6,000.[4] Faced with these conflicting positions, however, the trial court declined to apportion fees or to make any award at all, finding that defense counsel had failed "to specifically apportion those fees spent solely defending Mr. Huth against plaintiff's claims" and that combining the fees incurred on behalf of both McLean and Huth would result in unjust enrichment to McLean. This failure to exercise its discretion was error, and the matter must be remanded for a determination of the reasonable attorney fees to which Huth is entitled. (See *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1297–1298 [87 Cal.Rptr.2d 497] [trial court abused its discretion by failing to apportion successful plaintiff's attorney fees between time spent on claims against subcontractor whose contract had attorney fee provision and those against subcontractors without contractual fee provisions; case remanded for redetermination of fees].)

## DISPOSITION

The judgment, including the order denying attorney fees, is affirmed as to McLean. The judgment as to Huth is reversed insofar as it denied his recovery of any attorney fees, and the matter is remanded for a determination of the reasonable amount of attorney fees to which he is entitled. The parties are to bear their own costs on appeal.

Zelon, J., and Jackson, J., concurred.

---

[4] Zintel argued 70 percent of McLean and Huth's counsel's time was spent on the unsuccessful cross-complaint. Because of Huth's minor role in the litigation, Zintel also argued only 25 percent of the remaining 30 percent (7.5 percent) should be attributed to his defense of the complaint.