Filed 5/29/13  Fuchs & Associates v. Lesso CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FUCHS & ASSOCIATES, INC., | B241384 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC441602) |
| ELKE LESSO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  John Segal, Judge.  Affirmed.

Fuchs & Associates, Inc., John R. Fuchs and Gail S. Gilfillan for Plaintiff and Appellant.

Law Office of Thomas H. Edwards and Thomas H. Edwards for Defendant and Respondent.

Plaintiff and appellant Fuchs & Associates, Inc. (Fuchs) appeals from an order awarding $21,125 in attorney fees to defendant and respondent Elke Lesso (Lesso) as the prevailing party in a dispute concerning unpaid legal fees. Judgment was entered in Lesso's favor following an arbitration proceeding initiated by Fuchs in which the arbitrator concluded that Fuchs was not entitled to any fees, costs, or damages.[1] We affirm the trial court's order.

## BACKGROUND

Lesso retained Fuchs as her attorneys in a marital dissolution action against Piotrek Andrzejewski and in various related lawsuits. Lesso and Fuchs executed two identical retainer agreements that provided for binding arbitration of "[a]ny controversy between the parties regarding the construction, application or performance of any services under this Agreement" and that required the parties to bear their own legal fees and costs in connection with any such arbitration "[e]xcept as otherwise provided herein, the parties shall bear their own legal fees and costs for any such arbitration."

The retainer agreements between Lesso and Fuchs also contained the following attorney fees provision:

> "ATTORNEYS' FEE CLAUSE. The prevailing party in any action or proceeding arising out of or to enforce any provision of this Fee Agreement, with the exception of a fee arbitration or mediation under Business & Professions Code Sections 6200-6206, will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered."

A dispute arose between the parties regarding unpaid fees purportedly owed by Lesso to Fuchs. Lesso fired Fuchs, and Fuchs recorded a lien against certain real property owned by Lesso in the city of Glendale. Fuchs then sued Lesso, seeking damages in excess of $647,688 for breach of contract and other causes of action. The matter was submitted to binding arbitration in accordance with the parties' retainer

---

[1] We affirmed that judgment in a nonpublished opinion, *Fuchs & Associates, Inc. v. Lesso* (Jan. 8, 2013, B239246) (*Fuchs I.*)

2

agreements.  After a two-day arbitration, the arbitrator issued a written decision in which he concluded, that "Fuchs shall recover no additional attorney fees, costs or damages," "[t]he lien recorded by Fuchs is invalid and should be expunged," and "Fuchs need not refund any of the $480,998.68 previously paid [by Lesso]."  (*Fuchs I, supra*, at p. 5.)

Fuchs filed a petition to vacate or correct the arbitrator's award, and Lesso filed a petition to confirm the award.  The superior court entered an order denying Fuchs's petition and granting Lesso's and then entered judgment in favor of Lesso based on the confirmation of the arbitration award.  Fuchs appealed the judgment, which we affirmed. (*Fuchs I, supra*, at p. 13.)

Fuchs then filed a motion to vacate the judgment, and Lesso filed a motion to recover her attorney fees as the prevailing party in the arbitration and in Fuchs's action for unpaid fees.  In her motion, Lesso sought to recover attorney fees she incurred in connection with the arbitration, confirmation of the arbitration award, opposing Fuchs's motion to vacate the arbitration award, and opposing Fuchs's motion to vacate the judgment.  The trial court denied Fuchs's motion to vacate the judgment and granted in part Lesso's motion for attorney fees.  The trial court denied Lesso's request for attorney fees incurred in the arbitration proceeding in its entirety, noting that the parties' written agreements required each of them to bear their own attorney fees and costs in connection with the arbitration.  The court granted in part Lesso's request for her postarbitration attorney fees at the requested hourly rate of $325, after reducing the number of hours requested for postarbitration work from 98.5 hours to 65 hours, for a total award of $21,125.  That amount, the court stated, "includes reasonable attorneys' [fees] incurred in petitioning the court for confirmation of the arbitration award, opposing plaintiff's motion to vacate the award, and moving in this motion for attorneys' fees, but not for moving to vacate the judgment."

This appeal followed.

## DISCUSSION

### I. Applicable law and standard of review

Code of Civil Procedure section 1032 accords the prevailing party in litigation the right to recover costs. It provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) The recoverable costs may include attorney fees incurred by the prevailing party if an agreement between the parties provides for the recovery of such fees, or a statute creates a right of recovery. (Code Civ. Proc., § 1021; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal.App.3d 1394, 1405, disapproved on another ground in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4.) When authorized by contract, Civil Code section 1717 requires a court to award reasonable attorney fees as an element of costs to the prevailing party in an action on the contract. (Civ. Code, § 1717, subd. (a).)

We review de novo the trial court's determination of the legal basis for an award of attorney fees. (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923.) The trial court's determination of what constitutes reasonable attorney fees for purposes of such an award is reviewed under the abuse of discretion standard. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.)

### II. Timeliness and propriety of cost motion

Fuchs contends Lesso's motion for attorney fees and costs was untimely and improper because that request should have been presented to the arbitrator rather than the trial court. Fuchs bases this argument on the order appointing the arbitrator and sending the matter to binding arbitration, in which the trial court stated: "All issues regarding the fees for arbitration are to be presented to and decided [by] Judge Hilberman." The order sending the matter to arbitration did not preclude Lesso from seeking her postarbitration costs, including attorney fees, in a motion presented to the trial court, nor did it preclude the trial court from awarding such costs. The parties' retainer agreements expressly contemplate such a fee award: "The prevailing party in any action or proceeding arising out of or to enforce any provision of this Fee Agreement, with the exception of a fee

4

arbitration or mediation under Business and Professions Code Sections 6200-6206, will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered." Lesso's cost motion, presented to the trial court after the arbitration proceedings had concluded, was neither untimely nor improper. The trial court's award, which excluded fees Lesso incurred in the arbitration and included only the fees incurred in petitioning for confirmation of the arbitration award, opposing Fuchs's motion to vacate the arbitration award, and moving for attorney fees, was authorized by the parties' written agreements and by Civil Code section 1717.

Fuchs next contends Lesso's request for attorney fees was improper because it should have been made in a memorandum of costs rather than a noticed motion. The applicable statutes and rules expressly state that a party requesting attorney fees based on a contract must do so in a noticed motion. Civil Code section 1717, subdivision (b)(1) provides: "The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section." The California Rules of Court governs claims for attorney fees based on a contract and sets the timeframe for filing a motion to recover such fees: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court -- including attorney's fees on an appeal before the rendition of judgment in the trial court -- must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case." (Cal. Rules of Court, rule 3.1702(b).) Lesso's motion for attorney fees was neither procedurally improper nor untimely.

## III. Lesso as the prevailing party

Civil Code section 1717, subdivision (b)(1) provides that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." The trial court has broad discretion in determining which party has prevailed on a contract, and an appellate court will not disturb that determination absent a clear abuse of discretion. (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439.)

5

Fuchs contends Lesso was not the prevailing party in the arbitration because the arbitrator concluded that Fuchs need not refund any of the $480,998.68 in fees previously paid by Lesso. (*Fuchs I, supra*, at p. 5.) The arbitrator further concluded, however, that Fuchs, who initiated the arbitration seeking to recover more than $647,000 in damages, including punitive damages, and who sought to enforce a lien against Lesso in that amount, was entitled to no recovery whatsoever, and that the lien recorded by Fuchs against property owned by Lesso was invalid and should be expunged. (*Ibid*.) Fuchs fails to establish any abuse of discretion by the trial court in finding that Lesso was the prevailing party for purposes of the attorney fee award.

## IV.  Amount of award

Fuchs challenges the amount of fees awarded as excessive, contending the court erred in basing its award on an hourly rate of $350, when Lesso's fee agreement with her attorney, Thomas H. Edwards, provided that his hourly rate was $200. The trial court's determination of reasonable attorney fees under Civil Code section 1717 is based on prevailing market rates and is not limited to the amount that the client is actually obligated to pay the attorney. "'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel. [Citations.]' [Citation.]" (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1260.) The trial court did not abuse its discretion by awarding $350 as a reasonable hourly rate for Lesso's attorney.

## DISPOSITION

The order awarding Lesso her attorney fees and costs is affirmed.  Lesso is awarded her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST



_____, J.*
FERNS

_____

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.