Filed 10/8/13  Borrelli v. Scott CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RALPH BORRELLI, JR.,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PAUL SCOTT,<br><br>     Defendant and Appellant. | D062904<br><br><br>(Super. Ct. No. 37-2010-00071060-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Joseph C. La Costa for Defendant and Appellant.

Mowbray Law Firm and Rebecca Lack Mowbray for Plaintiff and Respondent.

Defendant Paul Scott (Scott) appeals a judgment apportioning his attorney's fees and awarding him 30 percent of his total fees.  Because the trial court did not abuse its discretion, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2001, Plaintiff Ralph Borrelli, Jr., leased a 4,000-square-foot commercial building to I.Q. Billiards, Inc. (I.Q. Billiards). Scott and his wife, Susan Scott (together, the Scotts), operated I.Q. Billiards in the rented space until October 2009, when they closed the business and vacated the property more than 14 months before the lease expired. In the process of moving, Scott, his companions, or both damaged or vandalized the property. On October 7, 2010, Borrelli sued I.Q. Billiards and the Scotts for breach of contract. Although Borrelli later amended his complaint to recover for the damage to his property, the amended complaint continued to assert a single cause of action for breach of contract.

On December 7, 2011, the trial court convened a bench trial. At the conclusion of Borrelli's case-in-chief, the Scotts moved for judgment under Code of Civil Procedure section 631.8. The court granted the Scotts' motion in part. The court found Borrelli had not presented sufficient evidence that the Scotts were I.Q. Billiards's alter egos and accordingly found they could not be held personally liable for the corporation's breach of the lease. However, the court denied the motion on the property damage issue, finding there was sufficient evidence to infer that the property was damaged either directly by Scott or with his knowledge and consent. Trial proceeded on the property damage issue. At the close of trial, the court granted Borrelli's motion to amend his complaint to allege a trespass cause of action to conform to proof. The court then found I.Q. Billiards had breached the lease agreement and awarded $45,000 in damages plus $7,200.82 in interest

2

to Borrelli. The court further found Scott liable for $38,000 in damage to Borrelli's property. Finding no evidence of Susan Scott's involvement with the property damage, the court dismissed her from the case.

On June 29, 2012, the court granted in part Scott's posttrial motion for attorney's fees because the lease contained an attorney's fees provision. The court awarded $11,650.99 to Scott for his defense of the breach of contract cause of action. To calculate this amount, the court began with $58,255 the Scotts incurred in defending the case. The court then allocated two-thirds of the total amount to Scott because his involvement in the case was greater than Susan Scott's involvement. Finally, the court apportioned 30 percent of Scott's two-thirds share to the breach of contract cause of action. The court apportioned the fees in this manner because Scott had not shown that the alter ego issue was common to both the breach of contract and trespass claims. The court also noted that "the focus at trial was the amount of damages - which evidence was the same as to both the trespass and breach of contract claim against Paul Scott . . . ."

The court entered judgment on September 28, 2012. On October 19, Scott timely appealed from the judgment.

STANDARD OF REVIEW

"Once a trial court determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion. [Citations.] We review the court's decisions for abuse of discretion. [Citation.] The court abuses its discretion whenever it exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish that discretion was

3

clearly abused and a miscarriage of justice resulted." (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 505.)

## DISCUSSION

The sole issue on appeal is whether the court abused its discretion when it apportioned 30 percent of Scott's total attorney's fees and reduced his fee award to $11,650.99. "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees . . . only as they relate to the contract action." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 (*Reynolds*).) "Attorney's fees need not be apportioned when incurred . . . on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Id.* at pp. 129-130.) "Depending on the particular circumstances, however, a court may 'apportion fees even where the issues are connected, related or intertwined.' " (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 586; see also *Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 443.)

Here, the court correctly recognized that Scott was eligible to recover fees incurred in defense of the breach of contract cause of action but not for the trespass cause of action. The court further correctly found that unlike in *Reynolds*, the alter ego issue was not common to both claims. The record confirms that Borrelli pursued two distinct legal theories at trial. First, he sought to pierce I.Q. Billiards' corporate veil and hold Scott personally liable, as the corporation's alter ego, for I.Q. Billiards's breach of contract. Second, Borrelli sought damages in tort against Scott directly for damage done

4

to Borrelli's property. The issue of whether Scott acted as the corporation's alter ego did not overlap with whether he damaged the building. Thus, once the court granted Scott's motion for judgment and found he was not I.Q. Billiards's alter ego, Borrelli shifted his focus to the physical damage done to his property. Accordingly, the court's finding that Scott "must apportion the attorney's fees [he sought] in defense of the breach of contract cause of action under the general rule set forth in *Reynolds*" was a proper application of *Reynolds*. Apportionment was proper here because Scott was not entitled to fees incurred in defense of the tort-based cause of action.

Scott argues that "[t]here was simply no basis in law" to apportion fees because the issue of damages was common to both the contract and tort claims. Although the court noted that "the focus at trial was the amount of damages" and the "evidence [of the amount of damages] was the same as to both the trespass and breach of contract claim against Paul Scott," California law grants courts discretion to "apportion fees even where the issues are connected, related or intertwined." (*El Escorial Owners' Assn. v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, 1365.) While the Supreme Court in *Reynolds* instructed that courts "need not" apportion fees when common issues exist, it did not *preclude* courts from doing so. (*Reynolds, supra,* 25 Cal.3d at pp. 129-130.) At their discretion, courts may apportion fees until the common issues are so intertwined that apportionment is not possible or practicable. (*Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1297 [" 'The recognized barrier to segregation for purposes of calculating fee awards is inextricably intertwined issues.' "]; see also *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111 [holding the trial court reasonably found

5

that various claims were " ' "inextricably intertwined" ' [citation], making it 'impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units' "].)  Here, although the evidence of damages was common to Borrelli's two claims, the court found that apportionment was possible "based on [its] familiarity with this matter . . . ."  The court did not believe the issues were so inextricably intertwined to prevent it from apportioning fees.  In light of the deferential standard of review and the trial court's first-hand experience with this case, the court's finding did not exceed the bounds of reason.

### DISPOSITION

The judgment is affirmed.  Borrelli is awarded appeal costs.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


McINTYRE, J.