Filed 1/31/25  West Sacramento Hospitality v. S.A.V. Texas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| WEST SACRAMENTO HOSPITALITY LLC, | C099575 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. CV2020-1247) |
| v. | |
| S.A.V. TEXAS, LLC et al., | |
| Defendants, Cross-complainants and Appellants. | |

Plaintiff West Sacramento Hospitality LLC entered into an agreement with S.A.V. Texas, LLC for the purchase of a hotel.  Plaintiff subsequently sued S.A.V. Texas, LLC and its alleged principal Vineshwar Goundar for breach of the purchase agreement, fraud, and negligent misrepresentation.  Defendants cross-complained for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud.

1

Plaintiff dismissed its complaint before trial, and defendants prevailed on some of the causes of action in their cross-complaint following a bench trial. Defendants subsequently filed motions for attorney's fees incurred in connection with the complaint and the cross-complaint. The trial court granted the motions in part.

Defendants now contend the trial court improperly limited the attorney's fees to which they were entitled. Finding no abuse of discretion, we will affirm the trial court's order.

BACKGROUND

After succeeding in the bench trial on some of the causes of action in the cross-complaint, defendants made two separate motions for attorney's fees.

The first motion sought an award of attorney's fees incurred to defend certain causes of action asserted in the complaint. They brought the motion based on the attorney's fee provision in the hotel purchase agreement, pursuant to Civil Code section 1717. In support of the motion, defendants submitted declarations from attorney Monica Hans Folsom with the law firm Delfino Madden O'Malley Coyle & Koewler LLP (the Delfino law firm), and attorney Lauren Jones. Ms. Folsom stated it was difficult to apportion the time billed by the Delfino law firm between the complaint and the cross-complaint, but that based on the number of claims and elements involved in the two pleadings, a reasonable apportionment would be 75% to the complaint and 25% to the cross-complaint.

The second motion sought attorney's fees incurred in litigating the cross-complaint, again pursuant to Civil Code section 1717. The motion was supported by declarations from Jones and attorneys from the Delfino law firm.

At the hearing on the motions, the trial court allowed defendants to submit detailed information in support of their motions. Defendants submitted a supplemental declaration from Ms. Folsom that provided a table of accumulated data from the billing program used by the Delfino law firm. But because the table in the Folsom declaration

2

did not segregate the hours billed between the complaint and the cross-complaint, the trial court continued the hearing and directed defendants to file another declaration identifying which entries in the table pertained to defending against the complaint and which pertained to prosecuting the cross-complaint. Ms. Folsom submitted another declaration with a revised table, adding columns showing for each billing entry a percentage of the time billed that was attributable to the complaint and the cross-complaint. For example, one of the lines in the table stated:

| Description | Time | Hrly Rate | Bill Amount | Complaint% | X-Complaint% |
|---|---|---|---|---|---|
| Continue to draft written discovery to Plaintiff. | 0.20 | $425 | $85.00 | 75% | 25% |

As with her initial declaration, Ms. Folsom averred that it was difficult to apportion the time billed by the Delfino law firm between the complaint and the cross-complaint. She stated, however, that for tasks performed before the dismissal of the complaint, based on the number of claims and elements involved in both pleadings, a reasonable apportionment would be 75% to the complaint and 25% to the cross-complaint, except for fees directly incurred in connection with the attorney's fee motions. Based on that suggested apportionment, Ms. Folsom said defendants incurred $225,481.09 in attorney's fees for services by the Delfino law firm in connection with the complaint, and $182,516.91 in connection with the cross-complaint. Together with the fees billed by Ms. Jones, she said defendants requested an award of $234,806.34 in attorney's fees for the complaint and $192,296.16 for the cross-complaint.

The trial court granted defendants' motions in part. It found that defendants were the prevailing parties on two out of three causes of action in the complaint and two out of three causes of action in the cross-complaint, but defendants failed to show that their apportionment of the hours billed by the Delfino law firm was a reasonably necessary

3

apportionment. As to several entries to which defendants applied a 75%-25% apportionment, the trial court found that defendants could have reviewed their files to determine whether the work pertained to the complaint or the cross-complaint. It said defendants' explanation at best supported a 50%-50% apportionment. It awarded defendants attorney's fees for entries in which the work by the Delfino law firm was identified as 100% attributable to the complaint, 100% attributable to the cross-complaint, or 50%-50% between the complaint and the cross-complaint. However, because it concluded that defendants could recover attorney's fees for only two of the three causes of action in the complaint and cross-complaint, the trial court further reduced the recoverable amount by one-third. It awarded defendants attorney's fees for services rendered by the Delfino law firm in the amount of $52,230.27 for the complaint and $83,724.67 for the cross-complaint. In addition, it awarded defendants attorney's fees for services rendered by Ms. Jones in the amount of $2,835.00 for the complaint and $3,115.00 for the cross-complaint.

## DISCUSSION

Defendants contend the trial court improperly limited the attorney's fees to which they were entitled.

A trial court has broad discretion in determining the amount of reasonable attorney's fees a party prevailing on a contract may recover under Civil Code section 1717. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) The judge is in a good position to determine the value of professional services rendered, and the trial court's determination will not be disturbed unless it abused its discretion. (*Ibid.*) Consistent with general rules of appellate practice, we presume the trial court's order is correct, and all intendments and presumptions are indulged in favor of the order. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140; *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017; *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 254.)

4

" 'Once a trial court determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion.' " (*Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1177.)  The party challenging the attorney's fee award must affirmatively demonstrate an abuse of discretion.  (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1140; *Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1274.)  A trial court does not abuse its discretion in denying a portion of an application for attorney's fees where the applicant fails to submit sufficient evidence detailing the legal services provided.  (*Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 65.)

The trial court may require a fee applicant to produce records sufficient to enable it to determine how much time was spent on particular claims and whether the hours claimed were reasonable.  (*In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695.) Here, the trial court gave defendants various opportunities to provide more information. Defendants urged a 75%-25% apportionment based on the number of claims and elements in the complaint and the cross-complaint, but the trial court was not required to accept the suggestion.  (See *Applied Medical Distribution Corp. v. Jarrells* (2024) 100 Cal.App.5th 556, 581; *In re Marriage of Nassimi*, at p. 696.)  The trial court concluded defendants could have done more to show which work pertained to the complaint or the cross-complaint.

There are cases in which claims are so intertwined that it is difficult to accurately apportion an attorney's time.  (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1604; see *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687.)  But here, the trial court believed it was possible to apportion attorney hours between the complaint and the cross-complaint, and that the claims asserted in the complaint and cross-complaint were not so intertwined as to prevent careful documentation and allocation of attorney time.  Defendants nevertheless argue the defense of the fraud cause of action was so intertwined with the causes of action in the

cross-complaint that the hours billed could not be apportioned. It is true that all the causes of action in the complaint and cross-complaint were related to the sale of the hotel. However, the causes of action in the complaint and cross-complaint related to different and distinct alleged contractual obligations and representations. For example, the fraud cause of action in the complaint related to alleged representations by defendants about the condition of the hotel and shuttle van. Whereas the fraud cause of action in the cross-complaint related to alleged promises by plaintiff regarding a franchise agreement, liquor license, and compensation for management services. Defendants have not shown it was impossible to allocate attorney time between the complaint and the cross-complaint,[1] or that on the record before it, the trial court's selected apportionment was an abuse of discretion. (See *In re Marriage of Nassimi, supra*, 3 Cal.App.5th at pp. 672, 695; *Track Mortgage Group, Inc. v. Crusader Ins. Co.* (2002) 98 Cal.App.4th 857, 867-868; *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020; *Bell*, at p. 689.)

Defendants also challenge the trial court's additional one-third reduction to their attorney's fees.

When a plaintiff voluntarily dismisses a complaint before trial, the defendant cannot recover its attorney's fees under Civil Code section 1717 on a breach of contract cause of action. (Civ. Code, § 1717, subd. (b)(2); *Santisas v. Goodin* (1998) 17 Cal.4th 599, 615, 617; *Khan v. Shim* (2016) 7 Cal.App.5th 49, 56-57.) But when, as here, a complaint alleges both breach of contract and tort causes of action and the plaintiff voluntarily dismisses the entire complaint before trial, a defendant may recover its

---

[1] Defendants urge, without citation to the record, that apportionment is not required because plaintiff alleged an affirmative defense of offset that defendants were required to litigate in order to prevail on their breach of contract cause of action. Factual assertions made without reference to the record are forfeited. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

6

attorney's fees for defending against the tort causes of action if the attorney's fee provision in the parties' contract is broad enough to cover the tort claims. (*Santisas*, at p. 617; *Khan*, at pp. 56-57.)

The attorney's fee clause in the hotel purchase agreement provided: "In the event of litigation between the parties in connection with this Agreement, the prevailing party will be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing party. The obligation in the immediately preceding sentence will survive any termination of the Agreement or the Closing." That language was broad enough to encompass the tort causes of action in the complaint because, as alleged, those causes of action were related to the purchase agreement. (*Cruz v. Ayromloo, supra*, 155 Cal.App.4th at p. 1277; *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1831.) Regarding the complaint, defendants sought an award of attorney's fees only for the work in defending against the tort causes of action.

A trial court has broad discretion to apportion attorney's fees when fees are authorized for some causes of action but not for others. (*Amtower v. Photon Dynamics, Inc., supra*, 158 Cal.App.4th at p. 1604; *Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 443.) Defendants contend apportionment was unnecessary or inappropriate because the contract and tort causes of action in the complaint involved nearly identical factual issues and could not be separated. But the allegations in the complaint indicated there were distinct bases for the contract and tort causes of action. The breach of contract cause of action was based on defendants' alleged failure to pay wages and fees, and further alleged the retention of credit card revenue, whereas the tort causes of action were based on alleged representations or omissions regarding the condition of the hotel and shuttle van. Defendants did not establish what portion of their attorney's fees was incurred to defend against the tort causes of action. (See *Bell v. Vista Unified School Dist., supra*, 82 Cal.App.4th at p. 689 [if the party seeking a fee award could not show which fees were related to a claim for which fees were authorized, the

7

trial court should assign a reasonable percentage or cast them aside].)  Under the circumstances, defendants did not show that the trial court's reduction was an abuse of its discretion.  (See *El Escorial Owners' Assn. v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, 1365; cf. *Amtower*, at pp. 1604-1605; see generally *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 556.)

As for the fees associated with the cross-complaint, it is proper for a trial court to consider the resulting success or failure in ascertaining the amount of reasonable fees. (*PLCM Group, Inc. v. Drexler, supra*, 22 Cal.4th at p. 1096.)  Defendants prevailed on the breach of contract and breach of the implied covenant of good faith and fair dealing causes of action in their cross-complaint, but not on the fraud cause of action.  Those causes of action did not share the same elements.  (*D'Arrigo Bros. of California v. United Farmworkers of America* (2014) 224 Cal.App.4th 790, 800 [breach of contract]; *Manderville v. PCG&S Group, Inc.* (2007) 146 Cal.App.4th 1486, 1498 [intentional misrepresentation].)  Contrary to defendants' assertion that all the causes of action in the cross-complaint sought the same damages, the fraud cause of action included a request for punitive damages.

Having presided over the bench trial on the cross-complaint, the trial judge was familiar with the issues and evidence presented and was in a good position to assess whether issues overlapped and what portion of the fees was attributable to compensable time.  (*Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 235.)  Defendants have not established that the trial court abused its discretion in further reducing the attorney's fees by one-third.  (*El Escorial Owners' Assn. v. DLC Plastering, Inc., supra*, 154 Cal.App.4th at pp. 1365-1366.)

DISPOSITION

The trial court's order is affirmed.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
BOULWARE EURIE, J.