[No. B028061. Second Dist., Div. Five. Dec. 10, 1987.]

LOUIS W. HAIRE et al., Plaintiffs, Cross-defendants and Appellants,
v.
ROBERT W. STEVENSON et al., Defendants, Cross-complainants
and Respondents.

**COUNSEL**

Lawson M. Brown for Plaintiffs, Cross-defendants and Appellants.

Bushkin, Gaims, Gaines & Jonas and Jerry K. Staub for Defendants, Cross-complainants and Respondents.

**OPINION**

**BOREN, J.**—Appellants challenge the propriety of the trial court's order granting costs to respondents. Appellants contend that the court lacked jurisdiction to award costs, including attorney's fees (Civ. Code, § 1717, subd. (a)), to respondents because they were not "prevailing parties," within the meaning of Code of Civil Procedure section 1032, and that respondents waived costs because they failed to file their memorandum of costs within the statutory time period. We find appellants' contentions meritorious and, accordingly, reverse.

Appellants, tenants, sued respondents for breach of their leasehold obligations as landlords. Thereafter, respondents filed an unlawful detainer suit against appellants because of their failure to pay rent. Pursuant to stipulation, the two cases were consolidated. After a jury trial, a judgment was

entered on June 26, 1986, which (1) awarded appellants $100,204 plus interest from the date of the verdict until paid "with costs and disbursements in the sum of $47,567.81," and (2) awarded respondents $18,900. No appeal was taken from that judgment.

On July 22, 1986, respondents filed a memorandum of costs and disbursements seeking clerk's and reporter's fees and attorney's fees "as per lease," totalling $25,757.25.[1] Appellants opposed the request with a motion to tax costs and expenses. At a hearing on August 22, 1986, Superior Court Judge Thomas Murphy ruled, "I'm denying the motion to tax costs," and the minute order of that date reflected the denial of the motion and the award of costs. Nonetheless, the orders actually entered by the court provided, in pertinent part, that appellants' "Motion to Tax Costs is GRANTED, and the Memorandum of Costs and Disbursements filed herein by [respondents] is stricken," and that respondents' motion is denied.

On March 12, 1987, respondents moved to correct a clerical error in the judgment and to amend the judgment nunc pro tunc. On March 27, 1987, the court granted the motion and indicated in its minute order that, "The Court finds that although the plaintiff(s) [appellants] herein prevailed on the complaint, the cross-complainants [respondents] prevailed on the cross-complaint, and therefore costs are recoverable. [¶] The order . . . signed and filed SEP 10, 1986, is vacated and set aside, as to the motion of plaintiff's [sic] [appellants] to tax costs." Appellants' motion for reconsideration was denied on May 8, 1987.

The applicable former version of Code of Civil Procedure section 1032, subdivisions (a) and (b) provided for the award of costs after judgment in the superior court to the party who has "a judgment in his favor . . . ." ■ Although appellants were successful in establishing their claim and respondents were also successful in establishing their counterclaim, the monetary result, after allowing respondents a partial offset, was a net judgment in appellants' favor of approximately $81,000. As there can only be one final judgment in such an action, even with a cross-complaint, it follows that appellants were the successful parties with a judgment in their favor within the meaning of section 1032 and the lease provision granting reasonable attorney's fees to the "prevailing party." (See *Distefano* v. *Hall* (1968) 263 Cal.App.2d 380, 386 [69 Cal.Rptr. 691]; *Moss Construction Co.*

---

[1] The lease signed by the parties provided that: "In the event that either party hereto commences an action to enforce any of the provisions of this Lease, the prevailing party shall be entitled to recover from the other party reasonable attorney's fees as shall be fixed by the court."

Attorney's fees, therefore, became "an element of the costs of suit." (Civ. Code, § 1717, subd. (a).)

v. *Wulffsohn* (1953) 116 Cal.App.2d 203, 205 [253 P.2d 483].) Moreover, this conclusion is consistent with the recent statutory amendment which specifically defines the term "prevailing party" for the purpose of the recovery of costs as including "the party with a net monetary recovery, . . ." (Code Civ. Proc., § 1032, subd. (a)(4); Stats. 1986, ch. 377, § 6, eff. Jan. 1, 1987.)

In any event, respondents have waived any claim to costs. Respondents filed their memorandum of costs on July 22, 1986, which was 26 days after the entry of judgment on June 26, and beyond the permissible period of "not later than 10 days after notice of entry of judgment . . . ." (Former Code Civ. Proc., § 1033; see *Coast Electric Service, Inc.* v. *Jensen* (1931) 111 Cal.App. 124, 126 [295 P.2d 346].)

The order granting respondents' motion to correct a clerical error and amend the judgment nunc pro tunc, effectively awarding costs, including attorney's fees, to respondents and denying appellants' motion to tax costs, is reversed. The matter is also remanded to the superior court for a determination of the costs, including attorney's fees, incurred by appellants in opposing respondents' motion to reconsider and in connection with this appeal, such costs to be borne by respondents.

Ashby, Acting P. J., and Hastings, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by order of the Chairperson of the Judicial Council.