[No. B050676. Second Dist., Div. Four. Oct. 19, 1995.]

GARY LINCOLN et al., Plaintiffs and Respondents, v.
MARK A. SCHURGIN et al., Defendants and Appellants.

## COUNSEL

Lurie & Zepeda, Bruce J. Lurie and Paul B. Beach for Defendants and Appellants.

Howrey & Simon, James W. Mercer, Kathryn M. Conway, Hennigan, Mercer & Bennett and Laura Lindgren for Plaintiffs and Respondents.

## OPINION

## VOGEL (C. S.), J.—

### INTRODUCTION

This appeal follows a court trial. The only issue raised is the propriety of the court's discretionary order that each side bear its own costs even though it had determined defendants to be the prevailing party. We find no abuse of discretion and therefore affirm the challenged order.

### FACTUAL AND PROCEDURAL BACKGROUND

In the underlying lawsuit, the central dispute was whether plaintiffs and defendants had entered into a partnership to develop and operate a shopping center.

Plaintiffs' complaint alleged that they were 30 percent owners in the partnership. They asserted nine causes of action, all of which were derivative of the assertion that a partnership existed.

Defendants' cross-complaint denied the existence of a partnership and sought declaratory relief on that issue. The pleading stated that were there no partnership "then [plaintiffs] are entitled to no recovery or relief against [defendants] other than such sum as represents the reasonable value of the services they actually performed, less any damages caused by [them as alleged in the cross-complaint]." The cross-complaint also alleged causes of action against plaintiffs for breach of contract (assuming a partnership were found to exist), breach of fiduciary duty, and fraud and sought money damages therefor.

After several weeks of trial, the trial court granted defendants' motion for judgment on all of the claims alleged in plaintiffs' complaint (Code Civ. Proc., § 631.8),[1] essentially finding that no partnership had been formed but stating that "[t]he issue of the reasonable value of the services performed by Plaintiffs remains." At that point, plaintiffs sought, and were granted, leave of court to amend their complaint to allege a new $4 million cause of action for "Common Count for Value of Goods, Services and Opportunity." Further trial proceedings were thereafter conducted.

In December 1989, the trial court issued a notice of tentative decision. It found plaintiffs took nothing by way of the claims raised in their initial

---

[1]All subsequent statutory references are to the Code of Civil Procedure.

pleading but that they were entitled to $750,000 on the common count claim. On defendants' cross-complaint, the court found: "[Defendants] are entitled to the court's declaration that plaintiffs are entitled to no recovery or relief other than such sum as represents the reasonable value of the services they actually performed and that said sum be diminished by $43,970.00 [because of plaintiffs' failure to account for a 'finder's fee' due to defendants]." The court therefore proposed to give judgment to plaintiffs for $706,030 and to award costs to plaintiffs in an amount to be determined.

The court's stated intent to award costs to plaintiffs triggered a flurry of pleading activity by the parties. Defendants sought an award of costs to defendants on two grounds. First, they relied upon section 998 which permits an award of costs if the adverse party fails to obtain a judgment more favorable than that tendered in a statutory offer of compromise. Defendants noted that prior to trial plaintiffs had rejected defendants' section 998 offer for $709,000. Additionally, defendants urged that they were the prevailing party because plaintiffs had lost on all of the claims contained in their initial pleading and defendants had prevailed on their declaratory relief claim that there was no partnership. Plaintiffs' opposition attacked defendants' factual application of section 998 and maintained that plaintiffs were the prevailing party because they had obtained a money judgment against defendants.

The trial court ultimately issued a detailed 14-page statement of decision. Finding that no partnership was ever formed, the court found no merit to any of the other causes of actions initially pled by plaintiffs because all of those theories were derivative of the existence of a partnership. As to plaintiffs' common count claim, the court found their "efforts, work and contributions . . . [had] a reasonable value of $750,000." In regard to defendants' cross-complaint, the court found defendants had not proven their claims made against plaintiffs for either fraud or for breach of fiduciary duty to the extent the latter was predicated upon an assertion of fraudulent misrepresentation(s). However, to the extent the claim for breach of fiduciary duty was based upon the assertion that plaintiffs had failed to account to defendants for monies received, the court ruled in favor of defendants because it found plaintiffs had failed to account for a "finder's fee." Accordingly, the court found defendants were entitled to an offset of $55,992 against their $750,000 liability to plaintiffs. The offset represented the amount owed on the finder's fee and interest thereon. The last portion of the statement of decision recites: "The Court finds that the Defendants/Cross-Complainants are the prevailing party and orders that the Plaintiffs/Cross-Defendants on the one hand, and the Defendants/Cross-Complainants, on the other hand, bear their own costs."

The trial court's judgment recited, inter alia, that defendants were entitled to a declaration on their cross-complaint that no partnership had been formed

between them and plaintiffs; that plaintiffs were "entitled to no recovery or relief against any of the said Defendants, other than such sum as determined to be the reasonable value in terms of the acts said Plaintiffs performed"; and that "[e]ach party shall bear its own costs." This appeal by defendants followed. They contest the order that the parties bear their own costs.

## DISCUSSION

■ The trial court found defendants to be the prevailing party but then ordered each side to bear its own costs. Defendants attack this ruling. They contend: "The finding that [defendants] were the prevailing parties should have automatically entitled [defendants] to recover their costs from [plaintiffs]." Defendants' legal analysis is incorrect.

"As a general rule the parties to civil litigation are required to finance their own participation in the litigation. This general rule is subject to numerous exceptions . . . ." (*Ripley* v. *Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1622 [28 Cal.Rptr.2d 878].) One such exception is found in subdivision (a)(4) of section 1032 which defines "prevailing party" for purposes of claiming costs after trial. It provides: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. *When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not* and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034." (Italics added.)

Subdivision (b) of section 1032 provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Defendants contend that because the trial court found them to be the prevailing parties under section 1032, subdivision (a), they were therefore automatically entitled to costs under subdivision (b). The Court of Appeal rejected an identical claim in *Texas Commerce Bank* v. *Garamendi* (1994) 28 Cal.App.4th 1234 [34 Cal.Rptr.2d 155] (review den.). It found that ". . . the mandate of cost recovery by the prevailing party under subdivision (b) is limited by the phrase 'Except as otherwise expressly provided by statute'; and that subdivision (a) expressly states a limitation. . . . [¶] Where the prevailing party is one not specified, Code of Civil Procedure section 1032,

subdivision(a)(4) permits the trial court to determine the prevailing party and then allow costs or not . . . in its discretion. The statute requires the trial court to determine which party is prevailing and then exercise its discretion in awarding costs. [Citation.] This portion of the statute does not require the trial court to award costs to the prevailing party 'as a matter of right.' (Code Civ. Proc., § 1032, subd. (b).) Thus, the statute permits the ruling the trial court made in this case, ordering each side to pay its own costs, even though appellants were without question the prevailing parties. [Citation.]" (*Texas Commerce Bank* v. *Garamendi, supra*, 28 Cal.App.4th at pp. 1248-1249, fn. omitted.)

As we shall now explain, in this case, defendants did not fall into any of the four categories of prevailing party set forth in the first portion of subdivision (a)(4) of section 1032, which defines a prevailing party who, under the provisions of subdivision (b), can then recover costs as a matter of right. This is not a case in which defendants have a net monetary recovery; defendants were ordered to pay a judgment in excess of $600,000 to plaintiffs. This is not a case in which a dismissal was entered in favor of the defendants; plaintiffs obtained a judgment against defendants. This is not a case in which neither party obtained any relief; plaintiffs obtained a money judgment and defendants obtained declaratory relief and prevailed on a portion of their breach of fiduciary duty claim. And this is not a case in which plaintiffs failed to obtain any relief against defendants; plaintiffs obtained a money judgment.

Because this case does not fit into any of the four above categories, the applicable statutory provision is found in the next portion of subdivision (a)(4) of section 1032. Essentially it provides that in situations *other than the four specified categories or when a party recovers other than monetary relief,* the trial court may determine the prevailing party and in its discretion may choose to allow or not to allow costs. (*Texas Commerce Bank* v. *Garamendi, supra*, 28 Cal.App.4th at pp. 1248-1249.) At bench, the trial court, after concerted advocacy by the parties, first determined defendants to be the prevailing party[2] and then decided the parties should bear their own costs.

■ The dispositive inquiry for us as a reviewing court is whether the trial court abused its discretion in ordering the parties to bear their own costs. A trial court abuses its discretion in making an award of costs only if its decision exceeds the bounds of reason. Whether we would have made the same determination in the first instance is immaterial. As long as the

---

[2]Plaintiffs' brief on appeal expends much energy arguing that they, not defendants, were "clearly" the prevailing party and "entitled to their costs as a matter of right." That claim need not detain us. Plaintiffs' failure to file a cross-appeal bars this contention. (§ 906.)

contested decision is supported by reasonable inferences, we have no authority to substitute our judgment for that of the trial court. (*Slavin* v. *Fink* (1994) 25 Cal.App.4th 722, 726 [30 Cal.Rptr.2d 750].)

 In the present case, we find no abuse of discretion. Defendants obtained declaratory relief that no partnership existed and that plaintiffs owed them money for failing to account for a "finder's fee." However, defendants lost on their claim they had been defrauded by plaintiffs. Plaintiffs, on the other hand, lost the "partnership war" but won the "battle" for some monetary recovery based upon allegations found in the amended complaint filed midtrial. Given these circumstances, we cannot say the trial court abused its discretion in ordering the parties to bear their own costs. In fact, defendants have never explained why the challenged order was an abuse of discretion.

## DISPOSITION

The portion of the judgment appealed from is affirmed.

Epstein, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 15, 1995, and appellants' petition for review by the Supreme Court was denied January 4, 1996.