[No. A070674. First Dist., Div. One. Oct. 1, 1996.]

GEORGIA ANN MICHELL et al., Cross-complainants and Appellants, v. DAVID R. OLICK, Cross-defendant and Respondent.

**COUNSEL**

King & MacLeod, William H. King, Ganong & Michell and Georgia Ann Michell for Cross-complainants and Appellants.

Bowles & Verna, Richard T. Bowles, Mary P. Sullivan and Jeffrey S. Salisbury for Cross-defendant and Respondent.

## OPINION

**DOSSEE, J.**—This appeal is from an order granting the motions of both parties to tax costs and declaring that each party must bear his or her own costs. We conclude that the trial court erred in failing to award costs to cross-complainant, who prevailed on her cross-complaint.

### FACTS

Georgia Ann Michell and David R. Olick are both attorneys. From 1991 to 1993, Olick represented Michell in several cases. In 1992 Michell represented Leslie Jobe in a lawsuit, but she was eventually disqualified. She then referred the client to Olick. Michell and Olick orally agreed to split the fees recovered in Jobe's litigation.

In March 1993, Olick drafted a malpractice complaint on behalf of Jobe against Michell and others. That underlying lawsuit was eventually settled in 1994. Michell and her law firm in turn cross-complained against Olick alleging various causes of action including breach of the agreement to split fees, bad faith denial of the contract, and legal malpractice. After Olick cross-complained against Michell and her law firm, Michell filed a second cross-complaint for assault, battery, and negligence. Michell's husband, Jon D. Langsam, was joined as a cross-complainant and claimed loss of consortium.[1] (For the sake of simplicity, we will refer to Michell as the sole cross-complainant.)

A jury trial was held on Michell's cross-complaints, and the jury awarded her $63,000 for malpractice. The jury found no liability on Michell's other causes of action. Olick had dismissed his cross-complaint on or before the first day of trial.

Both Michell and Olick filed memoranda of costs, each claiming to be the prevailing party in the action. Both parties also filed motions to tax costs of the other. Olick argued that on balance Michell did not prevail, as three of her causes of action were dismissed at the pleading stage (on demurrer), two were dismissed at trial, and six causes of action were rejected by the jury.

---

[1]The causes of action for assault, battery, negligence, and loss of consortium arise out of an incident in which Olick allegedly hit and pushed Michell while she was trying to buy a candy bar from a vending machine in the building where she and Olick both had offices.

Furthermore, Olick argued that the specific items claimed by Michell should be rejected as they pertained to causes of action upon which Michell did not prevail.

The trial court granted both motions, stating, "Although Cross-complainant Michell is the prevailing party, the Court exercises its discretion in the furtherance of justice and orders each party to bear their own costs of suit." At the hearing, the court remarked: "My feeling of the evidence of the case is that the predominant issue that . . . we spent the most time on, and certainly was the subject of most of the costs, were [sic] the assault and battery . . . causes of action that the jury found for the . . . cross-defendant on."

Both parties filed notices of appeal, but Olick's appeal was dismissed upon his default for failing to pay for preparation of the record.

## DISCUSSION

### A. *Scope of Trial Court's Discretion*

Under the earlier version of section 1032 of the Code of Civil Procedure, before the 1986 revision, costs were allowed "of course" in certain types of actions, including actions for the recovery of money or damages. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 99, p. 531.)[2] The Supreme Court interpreted the words "of course" to mean as a "matter of right" such that costs were not within the trial court's discretion but followed the judgment. (*Schmidt* v. *Klotz* (1900) 130 Cal. 223, 224 [62 P. 470].) The trial court had no authority to order each party to bear its own costs. (*Cotton* v. *Imperial Valley etc. Sch. Dist.* (1963) 212 Cal.App.2d 879, 881 [28 Cal.Rptr. 438].)

Code of Civil Procedure section 1032 was substantially rewritten in 1986.[3] Witkin describes the 1986 revision of section 1032 and related statutes as follows: "A great deal of existing case law was codified and the former statutes were amended or replaced with more specific and detailed provisions." (7 Witkin, *op. cit. supra*, (1996 supp.) Judgment, § 84, p. 155; see also *Perko's Enterprises, Inc.* v. *RRNS Enterprises* (1992) 4 Cal.App.4th 238, 241 [5 Cal.Rptr.2d 470].)

As rewritten, section 1032 now declares that costs are available as "a matter of right" when the prevailing party is within one of the four categories designated by statute. (§ 1032, subds. (a)(4), (b).) The allowance of

---

[2] In actions other than those listed by statute, the trial court had discretion to allow or disallow costs and, if allowed, to apportion them between the parties. (7 Witkin, *op. cit. supra*, Judgment, § 101, p. 533.) The court also had discretion to disallow costs if the judgment was below the jurisdictional limit so that it could have been recovered in an inferior court.

[3] All further statutory references are to the Code of Civil Procedure.

costs as a matter of right no longer depends on the character of the action involved but on how the prevailing party is determined. (*Perko's Enterprises, Inc.* v. *RRNS Enterprises, supra,* 4 Cal.App.4th 238, 241-242; see 7 Witkin, *op. cit. supra,* (1996 supp.) Judgment, § 84, p. 155.) The statute defines the prevailing party to include four categories of parties: the party with a net monetary recovery, the defendant in whose favor a dismissal was entered, the defendant where neither plaintiff nor defendant recovers any relief, and the defendant against whom plaintiff has not recovered any relief. (§ 1032, subd. (a)(4).) In other situations or when a party recovers other than *monetary* relief, the prevailing party is determined by the court, and the award of costs is within the court's discretion. (*Lincoln* v. *Schurgin* (1995) 39 Cal.App.4th 100, 104-105 [45 Cal.Rptr.2d 874]; *Texas Commerce Bank* v. *Garamendi* (1994) 28 Cal.App.4th 1234, 1248-1249 [34 Cal.Rptr.2d 155]; *Pirkig* v. *Dennis* (1989) 215 Cal.App.3d 1560, 1565-1566 [264 Cal.Rptr. 494]; 7 Witkin, *op. cit. supra,* (1996 supp.) Judgment, § 88, pp. 156-157.)

It is clear from the statutory language that when there is a party with a "net monetary recovery" (one of the four categories of prevailing party), that party is entitled to costs as a matter of right; the trial court has no discretion to order each party to bear his or her own costs.

### B.  *Net Monetary Recovery*

■ The question we must decide, then, is whether Michell was a party with a net monetary recovery. Certainly when the defendant in an action had filed a cross-complaint such that plaintiff and defendant had competing monetary claims, then the party in whose favor the net amount is due qualifies as the prevailing party, the party with a net monetary recovery. (*Public Employees' Retirement System* v. *Winston* (1989) 209 Cal.App.3d 205, 212 [258 Cal.Rptr. 612]; *Haire* v. *Stevenson* (1987) 196 Cal.App.3d 1249, 1251-1252 [242 Cal.Rptr. 433].) Here, however, Michell was the only party seeking damages; Olick had dismissed his cross-complaint. Nevertheless, we conclude that Michell qualifies as the party with a net monetary recovery.

Under the prior version of section 1032, it was the party who received "a judgment in his favor" who was entitled to costs as a matter of right. If the parties had competing claims for damages, then the party with a net judgment in his favor was the sole party entitled to costs. (*Sill Properties, Inc.* v. *CMAG, Inc.* (1963) 219 Cal.App.2d 42, 56 [33 Cal.Rptr. 155]; *Moss Construction Co.* v. *Wulffsohn* (1953) 116 Cal.App.2d 203, 205 [253 P.2d 483]; *Strickland* v. *Becks* (1979) 95 Cal.App.3d Supp. 18, 20 [157 Cal.Rptr. 656]; 7 Witkin, *op. cit. supra,* Judgment, § 91, pp. 526-527.) But even without

competing monetary claims, a plaintiff who received only partial recovery was still found to be the sole successful party entitled to costs. The defendant was not entitled to any setoff for his partial victory. (E.g., *Sierra Union etc. Co.* v. *Wolff* (1904) 144 Cal. 430, 433 [77 P. 1038] [plaintiff gained title to some but not all parcels of land]; *Fox* v. *Hale & Norcross S. M. Co.* (1898) 122 Cal. 219, 221 [54 P. 731] [plaintiff prevailed on only one of his two causes of action]; *Western Concrete Structures Co.* v. *James I. Barnes Constr. Co.* (1962) 206 Cal.App.2d 1, 11 [23 Cal.Rptr. 506] [same]; *Exchange Nat. Bk.* v. *Ransom* (1942) 52 Cal.App.2d 544, 546 [126 P.2d 620] [plaintiff recovered value of some but not all items seized]; *Rose* v. *Hertz Corp.* (1985) 168 Cal.App.3d Supp. 6, 11 [214 Cal.Rptr. 795] [plaintiff recovered less damages than his settlement offer]; see also *Syverson* v. *Heitmann* (1985) 171 Cal.App.3d 106, 112-114 [214 Cal.Rptr. 581] [plaintiff's judgment was in his favor although reduced to zero because of prior settlement]; and see 7 Witkin, *op. cit. supra,* Judgment, § 90, p. 525.)

Because a plaintiff with partial recovery was found under prior case law to be the successful party entitled to costs, and because the revision of section 1032 was apparently designed to codify existing case law,[4] we construe the "party with a net monetary recovery" to include a plaintiff who obtains a partial recovery, even though the defendant had not sought damages in a cross-complaint.[5] (See 7 Witkin, *op. cit. supra,* (1996 supp.) Judgment, § 90, p. 158.)

Michell was the prevailing party here, as the trial court itself acknowledged. Although Michell prevailed on only one of her causes of action, Olick had dropped his cross-complaint and recovered nothing. Michell therefore obtained a net monetary recovery of $63,000. She was entitled to recover costs as a matter of right.

## C. *Individual Cost Items*

Under prior law, the particular items of costs recoverable were not specified by statute. The courts held that the trial court had discretion to disallow particular costs that were not essential to the conduct of the proceedings. (7 Witkin, *op. cit. supra,* Judgment, § 107, p. 539.) But the trial court could not completely deny all costs outright. (See *Teichner* v. *Klassman* (1966) 240 Cal.App.2d 514, 525 [49 Cal.Rptr. 742].)

With the 1986 revision, section 1033.5, subdivision (a), lists specific items of costs which may be recovered as a matter of right pursuant to section

---

[4]At least one court has held that the 1986 revision to section 1032 did not drastically alter the definition of prevailing party. (*Pirkig* v. *Dennis, supra,* 215 Cal.App.3d at pp. 1567-1568 [trial court could find plaintiff obtained net monetary recovery even though recovery was reduced to zero because of offset for settlement].)

[5]Pursuant to section 1032, subdivision (a)(3), a plaintiff includes a cross-complainant.

1032.[6] Among allowable costs are filing fees, jury fees and juror food, deposition expenses, service of process costs, witness fees, transcripts ordered by the court, and expenses in preparing blowups and photocopies of exhibits.[7] However, even as to costs otherwise allowable as a matter of right, the trial court retains authority to determine whether the costs were reasonably necessary to the conduct of the litigation and whether the amounts are reasonable. (§ 1033.5, subd. (c); *Perko's Enterprises, Inc.* v. *RRNS Enterprises, supra,* 4 Cal.App.4th at pp. 244-245.)

■ Olick argues, as he did below, that some if not all of the items claimed by Michell should be disallowed because they relate to causes of action upon which Michell did not prevail. The trial court seems to have been persuaded by this argument in reasoning that Michell's unsuccessful claim for assault and battery was "the predominant issue that . . . certainly was the subject of most of the costs."

We, too, are troubled by the fact that Michell's cross-complaint was a shotgun blast; she sued for numerous unrelated grievances—legal malpractice, breach of the fee-splitting agreement, and personal injury at the vending machine. She prevailed on only one. To permit Michell to recover even those costs which relate solely to causes of action upon which she did not prevail would unfairly reward her for joining patently unmeritorious claims (assault and battery at the vending machine) with a single meritorious (legal malpractice) claim.

Nevertheless, we are compelled to apply the statutory directive. The successful plaintiff is entitled to recover the whole of his or her costs, despite a limited victory. The defendant is not entitled to an offset, even though the defendant prevailed to some (lesser) extent. (E.g., *Western Concrete Structures Co.* v. *James I. Barnes Constr. Co., supra,* 206 Cal.App.2d 1, 11; *Hyatt* v. *Sierra Boat Co.* (1978) 79 Cal.App.3d 325, 346-350 [145 Cal.Rptr. 47] [no reduction in costs despite reduction in damages for comparative negligence].) Thus, we reluctantly conclude that because Michell obtained a net recovery, she is entitled to recover her costs as a matter of

---

[6]Costs not expressly mentioned are allowable at the trial court's discretion. (See generally, *Perko's Enterprises, Inc.* v. *RRNS Enterprises, supra,* 4 Cal.App.4th at pp. 241-244.)

[7]Of the items sought by Michell to be recovered as costs, all but one fall within these categories. The one exception concerns expert witness fees. Ordinarily, expert witness fees are not recoverable as costs. (§ 1033.5, subd. (b).) However, section 998, subdivision (d), gives the trial court discretion to award to the plaintiff his or her expert witness fees if the plaintiff's pretrial offer to compromise is not accepted by the defendant and the defendant fails to obtain a more favorable judgment. Here, in advance of trial Michell submitted two separate section 998 offers totaling $55,500. Olick declined to accept them, and Michell obtained a judgment for even more, $63,000. We leave it to the trial court to exercise its discretion upon remand.

right, even though some or all of the costs may pertain to causes of action upon which she did not prevail.

We leave it to the Legislature to set limits on allowable costs, perhaps imposing a requirement that the costs be related to the theories or causes of action upon which the party prevailed. We reiterate our concern that under the existing statute a prevailing plaintiff may be unjustly rewarded for joining patently unmeritorious—and expensive to prove—claims with a single meritorious claim.

Although we conclude that the trial court had no discretion to deny Michell her costs outright, we note that the trial court may disallow particular items which it determines are unnecessary or unreasonable. (§ 1032, subd. (c).) We remand for further proceedings on those questions.

The order taxing costs is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to appellants.

Strankman, P. J., and Stein, J., concurred.

A petition for a rehearing was denied October 24, 1996, and the petitions of both appellants and respondent for review by the Supreme Court were denied December 18, 1996.