NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-13-1042-PaDKi |
| | ) |
| JAMES CHARLES CHARALAMBOUS, | ) Bankr. No. 11-40184-RK |
| | ) |
| Debtor. | ) Adv. Proc. 11-02796-RK |
| _____ | ) |
| | ) |
| SHARON HAMILTON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| JAMES CHARALAMBOUS, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on June 20, 2013
at Pasadena, California

Filed - July 3, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Gregg W. Zive, U.S. Bankruptcy Judge, Presiding[2]

---

Appearances:   Sidney Lanier of Ayscough & Marar argued for
appellant Sharon Hamilton; Andrew James Thomas of
Thomas & Thomas, LLP argued for appellee James
Charles Charalambous.

---

Before: PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

---

   [1]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

   [2]   The Hon. Robert Kwan is the presiding judge in this
bankruptcy case and adversary proceeding. The Hon. Gregg W. Zive
was designated to preside over the trial in this adversary
proceeding and he entered the order on appeal.

-1-

Creditor Sharon Hamilton ("Hamilton") appeals the order of the bankruptcy court denying her request for attorney's fees in connection with an adversary proceeding. We VACATE and REMAND.

**FACTS**

In April 2007, Hamilton first contacted chapter 7[3] debtor James Charles Charalambous ("Charalambous"), a home design consultant, to discuss a project to remodel her home. Four or five meetings between the parties occurred though July 2007. At some point, Charalambous gave Hamilton a brochure describing his services, which contained the following:

**Attorney Fees**

In any litigation, arbitration, or other proceeding by which one party either seeks to enforce its rights under this Agreement (whether in contract, tort, or both) or seeks a declaration of any rights or obligations under this Agreement, the prevailing party shall be awarded reasonable attorney fees, together with any costs and expenses, to resolve the dispute and to enforce the final judgment.

On July 1, 2007, Hamilton made her first payment to Charalambous, a check for $10,000. Over the next two years, Hamilton would give thirteen checks to Charalambous totaling $224,517.34.

Charalambous obtained plans, city permits, and referred a contractor, JLJ Construction, Inc. ("JLJ") to Hamilton, which began work on the project in 2008. There was no written agreement between Hamilton and JLJ, or between JLJ and Charalambous.

The relationship between Hamilton and Charalambous ended in

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

December 2009.  On January 29, 2010, Hamilton sued Charalambous in state court, alleging breach of contract and fraud; Charalambous asserted a cross-complaint against Hamilton for defamation and emotional distress.  Hamilton v. Charalambous, case no. LASC YC 061580 (Los Angeles Superior Court).

Trial in the state court was scheduled to begin on July 26, 2011.  However, Charalambous filed a petition for bankruptcy relief under chapter 7 on July 14, 2011.

Hamilton commenced an adversary proceeding against Charalambous in the bankruptcy court on September 21, 2011.  In the complaint she sought an exception to discharge under § 523(a)(2)(A), alleging that Charalambous had engaged in intentional fraud in his dealings with Hamilton, including his representation to her that he was "fully licensed."  Hamilton also sought an exception to discharge under § 523(a)(4) for breach of fiduciary duty, and under § 523(a)(6) for willful and malicious injury to Hamilton.  Before trial, Charalambous placed the remaining funds in his possession provided to him by Hamilton, $126,663.00, in a separate account on the advice of his attorney.

The trial in the adversary proceeding occurred on October 9, 10 and 11, 2011.  Hamilton and Charalambous were present and represented by counsel.  Witnesses testified, including Hamilton and Charalambous; the parties also submitted declaratory evidence.

The bankruptcy court entered Findings of Fact and Conclusions of Law on November 19, 2012.  The court determined "after considering the facts and credibility of the witnesses, the court is not persuaded that plaintiffs have shown defendant acted with an intent to deceive."  As to Hamilton's § 523(a)(6) claim, the

-3-

court found that "plaintiff has not proved by a preponderance of the evidence that defendant deliberately or intentionally injured plaintiff."

However, the bankruptcy court held in Hamilton's favor on her claim for an exception to discharge under § 523(a)(4). The court determined that an express trust existed between Hamilton and Charalambous; that Charalambous was in a fiduciary relationship with Hamilton; and that Charalambous committed defalcation. Since Hamilton established by a preponderance of the evidence all of the elements required by § 523(a)(4), the court concluded that "plaintiff is entitled to a judgment that $126,663.00 is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4)." A judgment incorporating these findings was entered on November 29, 2012. That judgment was not appealed.

Hamilton filed a motion for an award of prejudgment interest on November 28, 2012. The same day, Hamilton also filed a motion for an award of attorney's fees (the "Fee Motion").[4] Charalambous did not oppose either motion in the bankruptcy court.

In the Fee Motion, Hamilton asserted that she was entitled to recover her attorney's fee incurred in the discharge litigation under the provision in the brochure given to her by Charalambous. Relying upon Cal. Code Civ. P. § 1021, which allows recovery of attorney's fees by a prevailing party, Hamilton submitted time records indicating a total of $254,291.25 in charges, which she sought to recover from Charalambous.

Since Charalambous did not oppose the Fee Motion, the court

---

[4] Hamilton did not request costs as part of the Fee Motion, only fees based on attorney time records.

-4-

did not hold a hearing.  Instead, on January 22, 2013, it entered a Memorandum of Decision disposing of both of Hamilton's motions. While it granted Hamilton's request for prejudgment interest, the bankruptcy court denied Hamilton's motion for an award of attorney's fees.

In the Memorandum of Decision, the bankruptcy court did not discuss the application of Cal. Code Civ. P. § 1021 to Hamilton's fee request.  Instead, the court analyzed Hamilton's request under Cal. Civ. Code § 1717, which provides, in pertinent part, "where the contract specifically provides that attorney's fees . . ., which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the [prevailing] party . . . shall be entitled to reasonable attorney's fees . . . ."  Under Cal. Civ. Code § 1717(d)(1), "the prevailing party on the contract shall be the party who recovered a greater relief in the action on the contract.  The trial court may also determine that there is no party prevailing on the contract for purposes of this section." Because the bankruptcy court ruled in Charalambous' favor on Hamilton's claims under §§ 523(a)(2)(A) and (a)(6), and because the bankruptcy court did not rely upon the existence of a contract to grant Hamilton relief under § 523()(4), the bankruptcy court declined to award Hamilton attorney's fees under the California statute.

Hamilton filed a timely appeal of the denial of attorney's fees in the Memorandum of Decision on February 1, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (I).  We have jurisdiction under 28 U.S.C.

§ 158.

## ISSUES

1. Whether Charalambous has standing to appear in this appeal.

2. Whether the bankruptcy court abused its discretion in denying an award of attorney's fees and costs to Hamilton under state law.

## STANDARD OF REVIEW

Whether an appellee has standing to appear in an appeal is reviewed de novo. Caudill v. N.C. Machinery, Inc. (In re Am. Eagle Machinery, Inc.), 231 B.R. 320 (9th Cir. 1999).

A bankruptcy court's denial of attorney's fees is reviewed for abuse of discretion. Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1063 (9th Cir. 2002). Whether a state statute permits an award of attorney's fees is reviewed de novo. Kona Entm't, Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).

A bankruptcy court abuses its discretion if it applies the wrong legal standard or its factual findings are illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

## I.

## Charalambous has standing to appear in this appeal.

Hamilton argued in her Reply Brief that because Charalambous did not oppose the motion for attorney's fees in the bankruptcy court, his positions should not be considered on appeal. We disagree.

The Panel has previously decided this question in a case

-6-

precisely on point.  Caudill v. N.C. Mach., Inc., (In re Am. Eagle Mach., Inc.), 231 B.R. at 320 (9th Cir BAP 1999).  In that case, the appellant argued that since the appellee had not opposed or participated in the proceedings leading to entry of the order on appeal, the appellee should not be allowed to argue its position or participate in the appeal.  The BAP ruled that opposition in the bankruptcy court to the issue on appeal was not a prerequisite to the appellee's participation on appeal.  Instead, the Panel noted that the only requirement for appellee standing in that case was whether that appellee was "directly and adversely affected pecuniarily by an order of the bankruptcy court . . . ." In re Am. Eagle Mach., Inc. 231 B.R. at 238, citing In re Fondiller, 707 F.2d 441, 442-43 (9th Cir. 1983).

Although Charalambous did not oppose Hamilton's motion for an award of attorney's fees in the bankruptcy court, he would obviously hold a direct pecuniary interest in the outcome of this appeal.  Thus, Charalambous has standing to appear in this appeal and we have considered his arguments in resolving the issues.

**II.**

**The bankruptcy court abused its discretion because it applied the incorrect statute in its decision concerning Hamilton's motion for attorney's fees.**

Hamilton argues that she was entitled to recover attorney's fees incurred in the litigation in the bankruptcy court.  As instructed by the Supreme Court in Traveler's Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007), in bankruptcy cases,

> The American rule that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fees from the loser, Alyeska Pipe Line Serv.

-7-

<u>Co. v. Wilderness Soc'y</u>, 421 U.S. 240 . . . may be overcome by, inter alia, an "enforceable contract" allocating such fees, <u>Fleishchman Distilling Corp. v. Maier Brewing Co.</u>, 386 U.S. 714 . . . . A contract allocating attorney's fees that is enforceable under substantive, nonbankruptcy law is allowable in bankruptcy except where the Bankruptcy Code provides otherwise.

<u>Id.</u> at 443.

Here, the applicable "substantive, nonbankruptcy law" is California state law. <u>S. Cal. Permanente Med. Grp. v. Ehrenberg (In re Moses)</u>, 215 B.R. 27, 32 (9th Cir. BAP 1997). California law allows enforcement of agreements for attorney's fees in Civil Code § 1717 ("CC § 1717")[5] and Code of Civil Procedure § 1021 ("CCP § 1021")[6]. Although the parties do not dispute that these provisions of the California codes govern attorney's fees, they contest which of these two provisions should be applied in this case. As we discuss below, CCP § 1021 applies in tort as well as contract disputes, but CC § 1717 applies only in contract disputes. The dispute between Hamilton and Charalambous that resulted in a decision in favor of Hamilton under § 523(a)(4) for defalcation was, at bottom, a tort dispute. Thus, the bankruptcy

---

[5]  CC § 1717 provides that:

(a) "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded to . . . the prevailing party, . . . the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."

[6]  CCP § 1021 provides that:

"Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . ."

-8-

court's reliance on CC § 1717 to dispose of Hamilton's request for attorney's fees was misplaced and an abuse of discretion.

**A.    There was an agreement between Hamilton and Charalambous providing for an award of attorney's fees to the prevailing party in a tort dispute.**

Under either CC § 1717 or CCP § 1021, an agreement or contract must exist between the parties that provides for an award of attorney's fees to the prevailing party in any litigation between them.  Such an agreement existed in this case.

In their pretrial order, the parties stipulated as an agreed fact that:

> 9.   Charalambous gave Hamilton a brochure which contained names of prior clients who would recommend him.  The brochure is the written part of <u>the agreement</u> with Charalambous.

Joint Pretrial Order at 3, July 31, 2012 (emphasis added).

The bankruptcy court accepted this stipulated fact and incorporated it verbatim as a finding of fact in its Findings of Fact and Conclusions of Law entered on November 19, 2012.  Finding of Fact 16 additionally noted that the brochure had been admitted into evidence.  Elsewhere in the Findings/Conclusions, the court referred to this brochure as part of the "contract" between the parties:

> Finding of Fact 46: "The court finds that there is no indication that defendant was attempting to fraudulently induce plaintiff to enter into the contract (Exhibit 1) with defendant."

> \* \* \*

> Conclusion of Law 59: "Defendant denied stating he was fully licensed and qualified. The contract (Exhibit 1) does not contain any reference or assertion that defendant or JCD was a licensed contractor. The scope of the work described in Exhibit 1 does not describe the work of a general contractor but states the contractor

-9-

will have to be selected . . . ."

As noted above, the brochure included a broad attorney's fee provision:

**Attorney Fees**

In any litigation, arbitration, or other proceeding by which one party either seeks to enforce its rights under this Agreement (whether in contract, tort, or both) or seeks a declaration of any rights or obligations under this Agreement, the prevailing party shall be awarded reasonable attorney fees, together with any costs and expenses, to resolve the dispute and to enforce the final judgment.

The parties do not dispute that this clause in the brochure was part of their agreement, or that its meaning is plain. Therefore, on this record, we conclude that there was a contract between Hamilton and Charalambous concerning the remodeling project, and that the contract (the written part of which was the brochure) provided for recovery of attorney's fees by the prevailing party in any tort or contract dispute between the parties.[7]

The parties also do not dispute that Hamilton prevailed on one of her claims in the bankruptcy court, that Charalambous' debt to her should be excepted from discharge under § 523(a)(4) for defalcation. Defalcation in California law is a tort. Brown v. Kenney, 2012 Bankr. LEXIS 4127, 2012 WL 3867425 (Bankr. N.D. Cal. September 4, 2012) (agreeing with an arbitrator's finding that,

---

[7] In the Memorandum of Decision, the bankruptcy court stated that it "did not address the validity or existence of a contract between the parties. The court's Findings of Fact and Conclusions of Law are explicitly silent on that issue." This observation is somewhat perplexing. In granting relief to Hamilton under § 523(a)(4), the bankruptcy court determined that an "express trust" existed between the parties. The court's insistence that it did not rule explicitly on the existence or validity of the parties' contract is also seemingly at odds with its Findings 16, 46 and Conclusion 59 quoted above.

-10-

under California law, defalcation was the tort of constructive fraud). See also Cal. Civ. Code § 1573 ("Constructive Fraud: In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him[.]" Accordingly, the dispute between Hamilton and Charalambous resulting in exception to discharge of Charalambous' debt to Hamilton was a tort, not a contract, dispute.[8]

**B.** **CC § 1717 only applies in contract disputes. In this case, CCP § 1021 is applicable to determine whether Hamilton may recover attorneys fees.**

In the bankruptcy court, Hamilton sought an award of attorney's fees under CCP § 1021. The bankruptcy court did not consider Hamilton's request under CCP § 1021, but rather analyzed the request under CC § 1717. Since CC § 1717 is only implicated in contract disputes, the bankruptcy court abused its discretion by applying an incorrect rule of law to resolve Hamilton's motion.

CC § 1717(a) provides:

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

By its terms, then, CC § 1717 only applies in an "action on a contract, where the contract specifically provides that attorney's

---

[8] In fact, although Hamilton asserted a cause of action for breach of contract in the state lawsuit, she dropped that claim in this adversary proceeding.

fees and costs, which are incurred to enforce that <u>contract</u> . . . ." California courts have uniformly ruled that CC § 1717 is to be narrowly applied, and is available to a party only if the dispute involves litigation of a contract claim. <u>Santisas v. Goodin</u>, 951 P.2d 399, 409 (Cal. 1998) ("[S]ection 1717 applies only to attorney fees incurred to litigate contract claims."). The BAP has previously relied upon <u>Santisas</u> on this specific issue. <u>Redwood Theaters, Inc. v. Davison (In re Davison)</u>, 289 B.R. 716, 723 (9th Cir. BAP 2003) ("[W]e will follow [<u>Santisas</u>'] holding and narrowly apply CCC § 1717 and approve attorney's fees only if the action involves a contract claim."). Therefore, under both California controlling law and BAP authority,[9] we must hold that CC § 1717 can only be applied to attorney's fees disputes based on contract claims.

The California Supreme Court has been equally clear that CC § 1717 is inapplicable in actions involving tort claims. <u>Santisas</u>, 951 P.2d at 409 (tort claims are "outside the ambit of section 1717"); <u>accord</u> <u>Redwood Theaters, Inc.</u>, 289 B.R. at 724 (attorney's fees for tort claims are not recoverable under CC § 1717). Our decision in <u>Redwoods Theaters</u> provides additional guidance on the dispute in this appeal. After noting that CC § 1717 only applies in contract disputes, the panel noted that, "CCP § 1021 does not limit the recovery of attorney's fees to [contract] claims. . . . [A]ttorney's fees may be recoverable

_____

[9] Ordinarily, published BAP decisions are binding on future panels. However, the Ninth Circuit instructs that interpretations of state law are not binding precedent. <u>In re Complaint of McLinn</u>, 739 F.2d 1395, 1401 (9th Cir. 1984). Nevertheless, a BAP opinion founded upon a California Supreme Court decision is persuasive authority in resolving a question of California law.

-12-

under CCP § 1021 even though they are not recoverable under CC § 1717. . . . California law permits recovery of attorney's fees by agreement, for tort as well as contract actions." Id. at 724.

Hamilton requested an award of attorney's fees under CCP § 1021. That statute provides:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . ."

CCP § 1021(a). CCP § 1021 also implicates Cal. Code Civ. P. §§ 1032 and 1033(5):

> (a) As used in this section, unless the context clearly requires otherwise: . . . (4) "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not. . . . (b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.

CC 1032(a) and (b). CCP 1033.5(a)(10)(A) provides:

> (a) The following items are allowable as costs under Section 1032: . . . (10) Attorney fees, when authorized by any of the following: . . . (A) Contract.

Collectively, by their terms, CCP § 1021, and Cal. Code Civ. P. §§ 1032 and 1033 make clear that attorney's fees may be sought by a prevailing party in disputes sounding in either tort or contract. Indeed, as the California courts have uniformly ruled, CCP § 1021 and Cal. Code Civ. P. § 1032 are the only bases for awards of attorney's fees in tort disputes when provided by

-13-

agreement of the parties.  <u>Xuereb v. Marcus & Millichap, Inc.</u>, 3 Cal. App. 4th 1338, 1342 (1992);  <u>Maynard v. BTI Grp, Inc.</u>, ___ Cal. App.4th ___, slip op. at 1 (Cal. Ct. App. May 29, 2013).[10]

As discussed above, the bankruptcy court's ruling in favor of Hamilton under § 523(a)(4) for defalcation in effect settled a tort dispute.  As such, CC § 1717 was not to be applied to resolve Hamilton's motion for attorney's fees, and the bankruptcy court's reliance on that statute constitutes an abuse of discretion.  The proper statute for consideration of Hamilton's request for attorney's fees is CCP § 1021.  We will therefore vacate the bankruptcy court's order denying Hamilton's motion, and remand this matter to the bankruptcy court for consideration of Hamilton's request under CCP § 1021.[11]

---

[10] On May 30, 2013, Hamilton submitted a request that the Panel take judicial notice of the recent <u>Maynard</u> decision.  More appropriately, we elect to treat this request as one to submit supplemental authorities pursuant to Fed. R. App. P. 28(j).  Charalambous was given notice of Hamilton's request and has not objected.  In addition, we note that this new decision merely restates existing case law, and would not in itself affect our decision in this case.  We therefore GRANT Hamilton's request.

[11] On remand, the bankruptcy court must necessarily consider whether Hamilton was a prevailing party in this litigation for purposes of CCP § 1021.  While the court apparently determined in its Memorandum of Decision that Hamilton was not a prevailing party under CC § 1717, largely because Charalambous successfully defended against Hamilton's claims for exceptions to discharge under §§ 523(a)(2)(A) and 523(a)(6), the legal standard for a prevailing party under CCP § 1021 allows for the exercise of less discretion by the trial court, and CCP § 1021, through Cal. Code Civ. P. § 1032(a)(4), defines a prevailing party to include: "(1) the party with a net monetary recovery, (2) a defendant in whose favor a dismissal is entered, (3) a defendant where neither plaintiff nor defendant obtains any relief, and (4) a defendant as against those plaintiffs who do not recover any relief against that defendant. <u>See Michell v. Olick</u>, 49 Cal. App.4th 1194, 1198 (Cal. Ct. App. 1996) (holding that a prevailing party under CCP § 1021 is "entitled to costs as a matter of right; the trial

(continued...)

-14-

**CONCLUSION**

We VACATE that portion of the bankruptcy court's decision denying Hamilton's motion for attorney's fees and REMAND this matter for further proceedings.

---

[11](...continued)
court has no discretion to order each party to bear his or her own costs.").