Filed 1/14/14  Personalized Workout of La Jolla v. Ravet CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PERSONALIZED WORKOUT OF LA JOLLA, INC., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> BRANDON RAVET, et al., <br><br> Defendants and Respondents. | D061647 <br><br><br> (Super. Ct. No. 37-2009-0009974-CU-FR-CTL) |


APPEAL from a postjudgment order of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Law Offices of Marc O. Stern, Marc O. Stern; Boudreau Williams and Jon R. Williams, for Plaintiffs and Appellants.

Wirtz Law and Richard M. Wirtz, for Defendants and Respondents Brandon Ravet and Stephen Ravet.

Gary Ravet, in pro. per., for Defendant and Respondent.

This appeal is the latest episode in the continuing litigation saga pitting Personalized Workout of La Jolla, Inc. (PWL) and Nathan Poole (PWL and Poole,

together Appellants) on the one hand against Gary Ravet (Ravet) on the other. The most recent dispute saw Appellants sue Ravet, Ravet's parents, Ravet's ex-girlfriend, three trusts, and Ravet's two children, Stephen and Brandon (together Respondents), for fraudulent transfers. The trial of that matter ended in Appellants' favor with the jury awarding compensatory and punitive damages against multiple defendants.[1] The jury, however, did not find Respondents liable.

Following the entry of judgment, Respondents filed a memorandum of costs, claiming $12,620.09 of costs in defending the action. The court awarded Respondents a total of $1,757.29 in a postjudgment order. Despite being awarded close to $1 million in the underlying fraudulent transfer case, Appellants thought it wise to appeal the trial court's award of costs. They insist the court had no discretion to award costs to Respondents because Appellants obtained a "net monetary recovery" under Code of Civil Procedure[2] section 1032, subdivision (a)(4).

Appellants maintain their "net monetary recovery" consisted of the attorney fees and costs they received when they successfully moved to strike Respondents' respective cross-complaints under section 425.16, the anti-SLAPP (strategic lawsuit against public participation) statute. However, Appellants cite no authority that adequately supports

---

[1]    Not surprisingly, the ensuing judgment was appealed. We affirmed that judgment as modified in our unpublished opinion filed January 9, 2014 in *Personalized Workout of La Jolla, Inc. v. Ravet* (D060244).

[2]    Statutory references are to the Code of Civil Procedure unless otherwise specified.

2

their position, nor do they offer any compelling argument that the court did not properly exercise its discretion in awarding Respondents their costs.

Finding no merit whatsoever in Appellants' contentions, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed suit, under the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.) against Ravet, his parents, his former girlfriend (Dorota Pearson), three trusts, and Respondents. In response to the complaint, Respondents each filed a cross-complaint alleging Appellants were trying to extort money from them and seeking declaratory relief. Pearson and Ravet (both as an individual and trustee of the Gary K. Ravet Children's Trust) filed cross-complaints making similar allegations.

Appellants successfully moved to strike the cross-complaints under the anti-SLAPP statute and the court awarded Appellants their attorney fees in the amount of $4,240 against Respondents, Pearson, and Ravet (individually and as trustee).

Appellants' case subsequently proceeded to trial. At the conclusion of trial, the jury found many of the defendants liable and awarded both compensatory and punitive damages, but did not find Respondents liable whatsoever. Respondents then filed a memorandum of costs, claiming $12,620.09 in recoverable costs as prevailing parties. Appellants filed a motion to tax costs. Respondents submitted an opposition to the motion, to which Appellants filed a reply.

At the hearing on Appellants' motion to tax costs, the court tentatively ruled that Respondents were prevailing parties and awarded them a portion of their requested costs, which amounted to only $1,757.29 out of a requested $12,620.09. In response to the

3

tentative ruling, Appellants argued regarding the apportionment of the award of costs. The trial court responded: "Well, this is a case I'm extremely familiar with, and given my familiarity with what was at issue in this case and who was doing what, I gave some thought to that and that's how I came up with this ruling. I think it's appropriate given the participation of the various parties and the exposure that the -- [Appellant's trial counsel], you were seeking a judgment against these two people of substantial numbers. The jury ruled they weren't liable." The court ultimately affirmed its tentative ruling, but invited Respondents' trial counsel to submit a pleading as to whether the amount awarded would be treated as a further amendment to the existing judgment.

Respondents submitted an objection to amendment of the judgment and request for partial satisfaction of the judgment. Appellants countered with a motion for reconsideration.

The court overruled Respondents' objections and denied Appellants' motion for reconsideration. In doing so, it directed the clerk to interlineate the judgment in the underlying case to reflect that each Respondent would recover from Appellants $878.65 in costs.

### DISCUSSION

Generally, a trial court's determination that a litigant is a prevailing party, along with its award of costs, is reviewed for abuse of discretion. (See *Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 94; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can

4

reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 (*Walker*); see *Lincoln v. Schurgin* (1995) 39 Cal.App.4th 100, 105-106; *Slavin v. Fink* (1994) 25 Cal.App.4th 722, 726.)

However, Appellants insist we should apply a de novo standard of review because "[t]he question of whether a party is a 'prevailing party' under . . . section 1032 is an *issue of law* where, like here, the statutory prerequisites are satisfied." (Original italics.) Appellants' argument rests on the faulty assumption that the statutory prerequisites are satisfied in their favor.

Unless otherwise provided by statute, a "prevailing party" is entitled to recover costs in any action or proceeding "as a matter of right." (§ 1032, subd. (b).) "Prevailing party" for purposes of section 1032, subdivision (a)(4) is defined as including: "[1] the party with a net monetary recovery, [2] a defendant in whose favor a dismissal is entered, [3] a defendant where neither plaintiff nor defendant obtains any relief, and [4] a defendant as against those plaintiffs who do not recover any relief against that defendant." If a party recovers anything other than monetary relief and in situations not specified above, a trial court shall determine the prevailing party and use its discretion to determine the amount and allocation of costs, if any. (*Ibid*.; *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198 (*Michell*) [prevailing party is "entitled to costs as a matter of right; the trial court has no discretion to order each party to bear his or her own costs"].)

Appellants argue that they are prevailing parties under the "net monetary recovery" prong of section 1032, subdivision (a)(4). Specifically, they assert their award

5

of anti-SLAPP attorney fees and costs on their motion to strike Respondents' cross-complaints resulted in their achieving a "net monetary recovery" requiring the court to find them prevailing parties and award them their costs as a matter of right. (See § 1032, subd. (a)(4).) We disagree.

A party who receives a net monetary recovery is entitled to its costs, even if the party did not prevail on all causes of action asserted. (See *Michell*, *supra*, 49 Cal.App.4th at p. 1199.) Here, Appellants did not prevail on any cause of action asserted against Respondents. In the absence of any successful claim against Respondents, Appellants assert the attorney fees they obtained under the anti-SLAPP statute should be considered in calculating a "net monetary recovery" under section 1032, subdivision (a)(4). However, they provide no authority to support this position. Our independent research has not discovered any such authority either. The absence of such a case is logical as it is difficult to contemplate a plaintiff, who is only seeking monetary damages, could be considered the prevailing party if he is not successful under *any* of his claims.

The anti-SLAPP statute does not mandate a different conclusion. A prevailing defendant seeking to strike a complaint or cross-complaint under the anti-SLAPP statute is entitled to receive his or her attorney fees and costs. (§ 425.16, subd. (c)(1).) The specific provision awarding attorney fees in the statute supports the Legislature's stated goal to reduce the number of lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) These attorney fees and costs therefore are not a monetary recovery on a claim brought by a party, but instead serve as an incentive to bring a motion under

6

the anti-SLAPP statute to eliminate meritless SLAPP claims.  (See *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 339-340.)

Having determined the statutory prerequisites of section 1032, subdivision (a)(4) were not satisfied in Appellants' favor as a matter of law, we conclude, on the record before us, the trial court did not abuse its discretion.  Appellants were seeking several hundreds of thousands of dollars in compensatory damages as well as punitive damages against Respondents.  They recovered nothing against them in their suit.  In considering Appellants' motion to tax costs, the court expressed that it was "extremely familiar" with this case, and thus, taxed Respondents' requested costs $10,862.80.  Based on the foregoing, we cannot say that the trial court "exceeded the bounds of reason."  (*Walker*, *supra*, 53 Cal.3d at p. 272.)

## DISPOSITION

The order is affirmed.  Respondents are awarded their costs on appeal.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.