Filed 7/9/13  Chan v. Lo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SHU PING CHAN, | B239783 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC057437) |
| v. | |
| SHANG JEN LO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

Shu Ping Chan, in pro. per., for Plaintiff and Appellant.

David L. Prince and Andrea A. Selkregg for Defendant and Respondent.

_____

Plaintiff and appellant Shu Ping Chan appeals from the trial court's order after trial denying attorney fees in her declaratory relief action against defendant and respondent Shang Jen Lo. Chan contends she was the prevailing party in an action based on a contract and therefore entitled to attorney fees under Civil Code section 1717. We affirm.

## BACKGROUND

Chan's operative third amended complaint for damages alleged causes of action for breach of implied contract, breach of oral contract, and declaratory relief against Lo and defendant Oliver Law.[1] Chan alleged that she owned property in Temple City, and in 2005, Law held himself out as a real estate broker who could obtain a $100,000 loan for Chan. The next month, Law said his brother Lo would make the loan, and Law would charge a six percent commission for his efforts.

The agreement called for Chan to be loaned $100,000 to be disbursed over time, with interest at 11 percent per annum on the full amount of the loan, whether or not it was fully disbursed. Chan executed a promissory note and trust deed. Chan began making monthly interest payments of $911. Chan realized that Law was the beneficial owner of the note and trust deed, rather than his brother. After Chan received $75,000, disbursements on the loan ceased. Demands to disburse the balance of the funds have failed.

In 2009, Chan began facing financial problems and desired a reverse mortgage, but the existence of the existing loan made that impossible. Chan and defendants orally agreed to temporarily remove the deed of trust so Chan could obtain a reverse mortgage, from which she would pay defendants $30,000 out of escrow. Thereafter, Chan would execute another deed of trust in the amount of $100,000 in favor of Lo, and defendants would disburse the $25,000 remaining on the original loan.

---

[1] Law was not named in Chan's notice of appeal and is not a party to this appeal.

In October 2009, defendants reneged on the oral promise. It was too late for Chan to sell her property, and she was far behind in her payments. Chan filed for bankruptcy.

Chan alleged defendants had breached the original loan agreement by failing to disburse the entire $100,000 and by failing and refusing to assist her in obtaining a reverse mortgage. For these breaches, Chan sought the remaining $25,000 on the original loan and the $6,000 commission paid to Law. On the declaratory relief cause of action, Chan asked for a declaration that her debt to defendants is less than $25,000 and the amount of $100,000 on the deed of trust is inaccurate. She sought a "judicial determination of each and every one of the issues alleged herein."

The trial court conducted a bench trial on the declaratory relief cause of action. The court ruled that Chan had received $70,500 on the loan, and she had agreed to pay $5,500 as a commission, for a principal amount disbursed of $76,000. Interest had been paid by Chan in the amount of $22,964.44, and the balance of accrued interest owed by Chan was $21,452.35.

## MOTION FOR ATTORNEY FEES

Chan filed a motion for attorney fees pursuant to Civil Code section 1717 and Code of Civil Procedure section 1033.5. She argued she was the prevailing party in an action on a contract containing an attorney fees provision because she prevailed on her claim that she had only received $76,000, while defendants contended the entire $100,000 had been disbursed.

The trial court denied the motion for attorney fees, finding there was no prevailing party in the action. "While the court did find that plaintiff owes defendants less than the $100,000 face amount of the promissory note, the court also found that plaintiff owes the defendants principal and accrued interest to date of $97,452.35, which is secured by the deed of trust on plaintiff's property. At best, this constitutes a mixed result regardless of who might prevail on the remaining causes of action for breach of an oral agreement for which attorney fees are not recoverable."

3

# DISCUSSION

Chan argues the trial court abused its discretion in ruling there was no prevailing party at trial, which resulted in a denial of Chan's motion for attorney fees. After our initial review of the record, we advised the parties that the record appeared to be incomplete, in that it lacked various documents including demurrers, the answer to the operative complaint, and the opposition to the motion for attorney fees. Chan filed a letter response, not seeking to augment the record but instead arguing the record was sufficient for appellate review.

The prevailing party determination for the purpose of attorney fees under Civil Code section 1717 and Code of Civil Procedure section 1033.5 is left to the sound discretion of the trial court. (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439; *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 58.) Given this deferential standard of review, it is imperative that the reviewing court is presented with a complete record in order to determine if the ruling of the trial court is within the bounds of reason.

"On appeal, a judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.)" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9; accord, *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Chan has proceeded on appeal with an appellant's appendix pursuant to rule 8.124 of the California Rules of Court. As noted, the appendix does not include Lo's answer to

the third amended complaint or his opposition to the motion for attorney fees. Without Lo's answer to the third amended complaint and opposition to the motion for attorney fees, "we cannot review the basis of the [trial] court's decision." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [failure to include opposition to motion to strike precludes appellate review of the issue].) "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Ibid.*) The reasoning of *Hernandez* applies here, as we do not know what issues were raised by Lo in his answer or in opposition to the motion for attorney fees. The inadequate record precludes relief to Chan on appeal.

Even without the defect in the record, the trial court's ruling is not an abuse of discretion. The trial court heard the entirety of the trial, granted some relief to Chan, but tempered that relief with a sizeable award of interest due to Lo. Chan's original complaint sought to cancel the deed of trust, but she did not prevail on this claim. The trial court could reasonably conclude that, under these circumstances, the declaratory judgment was not a "simple, unqualified win" for Chan within the meaning of *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Shang Jen Lo.


KRIEGLER, J.



We concur:




TURNER, P. J.                                                    MOSK, J.


5